562 A.2d 373

**COMMONWEALTH of Pennsylvania**

**v.**

**Marla A. WALKER, Appellant.**

Superior Court of Pennsylvania.

Submitted June 27, 1989.

Filed Aug. 9, 1989.

John W. Packel, Asst. Public Defender, Philadelphia, for appellant.

Donna G. Zucker, Asst. Dist. Atty., Philadelphia, for Com., appellee.

Before DEL SOLE, TAMILIA and CERCONE, JJ.

TAMILIA, Judge:

Appellant was tried by the court without a jury on May 20, 1988 and found guilty of robbery as a felony of the first

degree, firearms violations, theft, conspiracy, recklessly endangering another person, terroristic threats and simple assault. She was sentenced to the mandatory five years imprisonment under 42 Pa.C.S. § 9712, Sentences for offenses committed with firearms.[1] On appeal she claims the trial court erred in applying this statute to her as she was only an accomplice and never actually "visibly possessed" the weapon. She further argues the evidence was conflicting as to whether the gun was used during the commission of the offense or merely confiscated from the victim during the robbery.

The incident occurred in the early morning hours of July 30, 1986 when Mr. Logue, complainant, saw appellant at Bostas Pizza Shop requesting a ride from various patrons. The owner asked Logue to give her a ride and he agreed to do so. After making two phone calls, appellant asked Logue to take her to 46th and Market Streets where friends would pick her up. Logue, a retired police detective, carried a gun holstered to his waistband and kept his cash in two separate pants pockets.

Logue drove appellant to the desired location and pulled the car off the road for appellant to get out. When she opened the passenger door, however, a male voice outside the car by her door yelled, "Don't move m[————]-f[————], or I'll blow your brains out!" (T.T. 5/20/88, p. 40.) It was too dark outside for Logue to see the man who had yelled. Logue was then told to hand over all his money, so he pulled cash from one of his pockets and handed it to appellant who in turn handed it to the man outside. Appellant then said, "He's got more f[————] money than that,"

---

**1.** (a) Mandatory sentence.—Any person who is convicted in any court of this Commonwealth of ... robbery as defined in 18 Pa.C.S. § 3701(a)(1)(i), (ii) or (iii) (relating to robbery), ... or who is convicted of attempt to commit any of these crimes, shall, if the person visibly possessed a firearm during the commission of the offense, be sentenced to a minimum sentence of at least five years of total confinement notwithstanding any other provision of this title or other statute to the contrary.

and "He's got a gun." (T.T. at 43–44.) Appellant took the gun and gave it to the man. At that point the man outside the car reached in with Logue's gun, cocked it and pointed it at Logue's face, demanding he get out of the car and put his hands on the door. Logue did so and someone came behind him and took the rest of his money out of his pockets. Appellant and another woman who had been with the man then fled down the street with the man following behind but watching Logue to see if he would turn to look at them. Logue did turn around when he heard their footsteps running away and the man fired a shot at him.

■ Appellant first tries to argue that the gun taken from Logue was not used to accomplish the robbery but was simply "proceeds" from the robbery. This is without merit because Logue's testimony was unequivocal that after his gun was taken by appellant, her cohort put the gun in Logue's face and ordered him out of the car so they could take the rest of the money out of his pockets (T.T. at 45).

■ Appellant's main argument, however, is she should not have been sentenced under section 9712 because she was an unarmed accomplice and the statute applies only to those who "visibly possess a firearm during the commission of the offense." Appellant admits her argument flies in the face of this Court's decision in *Commonwealth v. Williams*, 353 Pa.Super. 312, 509 A.2d 1292 (1986), wherein we found an unarmed accomplice may be sentenced under section 9712(a) if the unarmed accomplice had knowledge the firearm was visibly possessed by his co-felon in the commission of the crime. The argument of appellant is this interpretation of the statute is too broad as the language of the statute provides a mandatory penalty only for those who *personally* possess the firearm. Even though the statute makes no mention of accomplices, we found accomplices should also be subject to that penalty since, "[i]t would be anomalous to sentence the armed felon in accord-

ance with the minimum sentence, while not similarly punishing an accomplice who is otherwise legally accountable for the actions of the armed felon." *Id.*, 353 Pa.Superior Ct. at 318, 509 A.2d at 1295.

Appellant is correct in her argument that penal provisions are to be strictly construed and any ambiguities in the language of a statute should be interpreted in a light most favorable to the accused. "While strict construction of penal statutes is required, however, courts are not required to give words of a criminal statute their narrowest meaning or disregard evident legislative intent." *Commonwealth v. Wooten*, 519 Pa. 45, 53, 545 A.2d 876, 880 (1988). We continue to adhere to our construction of section 9712 as enunciated in *Williams, supra,* and reject appellant's argument.[2]

Finally, appellant claims there is a vital distinction between the instant case and *Williams*—the accomplice in *Williams* knew, *prior* to the start of the robbery, that his co-felon was armed and intended to use the gun during the robbery. This argument is ingenuous when it is clear that appellant set up the victim and as indicated above, informed her accomplice that the victim had a gun, which the appellant took from his waist band, handing it to her accomplice outside the automobile (T.T. 5/20/88, p. 44). In *Williams* we did not state an accomplice must have knowledge of the gun prior to the start of the robbery, we stated simply the unarmed accomplice was subject to the mandatory sentence *if* he had knowledge the firearm was *visibly possessed* by his co-felon *in the commission of the crime.* Because appellant had the requisite knowledge, she was properly sentenced to the mandatory term under section 9712(a).

Judgment of sentence affirmed.

2. We note appellant's reliance on *Commonwealth v. Grimmitt,* 354 Pa.Super. 463, 512 A.2d 43 (1986) to question the validity of our holding in *Williams.* The panel in *Grimmitt,* however, was bound to and did follow *Williams* as *Williams* is currently good law in Pennsylvania.