**COMMONWEALTH of Pennsylvania, Appellant**

v.

**Konrad L. CRIST, Appellee.**

Superior Court of Pennsylvania.

Argued May 25, 2005.

Filed July 29, 2005.

---

Jaime M. Keating, Assistant District Attorney, Carlisle, for Commonwealth, appellant.

Charles P. Mackin, Camp Hill, for appellee.

Before: STEVENS, GANTMAN, and KELLY, JJ.

OPINION BY KELLY, J.:

¶ 1 The Commonwealth appeals from the judgment of sentence entered in the Cumberland County Court of Common Pleas against Appellee, Konrad L. Crist, following his convictions for robbery[1] and conspiracy to commit robbery.[2] The Commonwealth asks us to consider whether the trial court erred by not applying the mandatory minimum sentence pursuant to section 9712 of the Sentencing Code.[3] We hold the trial court improperly sentenced Appellant to less than the mandatory minimum sentence, where Appellant was an accomplice in a robbery and knew his cofelon visibly possessed a gun during the commission of the crime. Accordingly, we vacate Appellant's judgment of sentence and remand with instructions.

¶ 2 The relevant facts and procedural history of this case are as follows. Appellee and his two co-defendants, Christopher A. Taylor and Dustin Joynt, planned to rob a fast food restaurant on May 28, 2003. (Trial Court Opinion, dated November 22, 2004, at 1). The three perpetrators had known each other for many years and had work experience in fast food restaurants. (Id. at 3). Joynt worked in a Subway restaurant and informed the two others of Subway's policy of instructing employees

---

1.  18 Pa.C.S.A. § 3701(a)(1)(ii).

2.  18 Pa.C.S.A. § 903.

3.  42 Pa.C.S.A. § 9712.

not to resist robbery attempts. (*Id.*). Joynt also notified Taylor and Appellee that an employee who knew the combination to the store safe would be working at their agreed-upon time of robbery. (*Id.*).

¶ 3 On the day of the robbery, Appellee, Joynt, and Taylor did not discuss the use of weapons. (*Id.*). Appellee dropped Taylor off in front of the Subway shop and then drove to the rear of the store and parked. (*Id.*). Shortly thereafter, Appellee saw the store manager emerge from the back door of Subway, followed by Taylor. (*Id.*). Taylor demanded the manager return to the store, and Appellee observed, for the first time, Taylor pointing what appeared to be a gun at the manager. (N.T. Trial, 5/12/04, at 166). The manager later testified she feared for her life. (*Id.* at 30). Taylor and the manager returned to the store, and soon after, Taylor exited the back door holding a bag containing money. (Trial Court Opinion at 3). He entered Appellee's vehicle and the two drove away. (*Id.* at 4).

¶ 4 At trial, Appellee admitted his involvement in the planning and commission of the robbery. (*Id.* at 1). Appellee was convicted of and sentenced to nine to eighteen months' imprisonment for conspiracy and one year less one day to two years less one day for robbery, to run concurrently. (N.T. Sentencing Hearing, 7/27/04, at 22). In determining Appellee's sentence, the trial court considered Appellee's youth, the nature of Appellee's involvement in the crime, and Appellee's limited knowledge of a weapon being used during the robbery. (*Id.* at 21).

¶ 5 The Commonwealth presents the following issues for our review:

DID THE SENTENCING COURT ERR IN NOT APPLYING THE MANDATORY WEAPONS ENHANCEMENT TO [APPELLEE'S] SENTENCE WHEN [APPELLEE] WAS AN ACCOMPLICE IN AN ARMED ROBBERY AND KNEW THAT HIS CO–FELON VISIBLY POSSESSED A FIREARM DURING THE COMMISSION OF THE ROBBERY?

DID THE SENTENCING COURT ERR IN SENTENCING [APPELLEE] TO TEN MONTHS LESS THAN THE STANDARD RANGE SENTENCE FOLLOWING CONVICTION FOR ROBBERY AND CONSPIRACY TO COMMIT ROBBERY WHEN THE SENTENCING COURT FAILED TO STATE ITS REASONS FOR DEVIATING FROM THE SENTENCING GUIDELINES?

(Commonwealth's Brief at 4).

■ ¶ 6 The Commonwealth argues Appellee's knowledge that a firearm was visibly possessed during the commission of the robbery subjected Appellee to the mandatory minimum sentence. The Commonwealth contends the jury's decision to convict Appellee of robbery as a felony in the first degree supports a finding that the mandatory minimum sentence should have been applied. The Commonwealth concludes Appellee should be subject to the applicable minimum mandatory sentence of five years' imprisonment. We agree.

¶ 7 Section 9712 of the Sentencing Code provides:

(a) **Mandatory sentence.**—Except as provided under section 9716 (relating to two or more mandatory minimum sentences applicable), any person who is convicted in any court of this Commonwealth of a crime of violence as defined in section 9714(g) (relating to sentences for second and subsequent offenses), **shall, if the person visibly possessed a firearm or a replica of a firearm,** whether or not the firearm or replica was loaded or functional, that placed the victim in reasonable fear of death or

serious bodily injury, during the commission of the offense, **be sentenced to a minimum sentence of at least five years of total confinement** notwithstanding any other provision of this title or other statute to the contrary. Such persons shall not be eligible for parole, probation, work release or furlough.

(b) **Proof at sentencing.**—Provisions of this section shall not be an element of the crime and notice thereof to the defendant shall not be required prior to conviction, but reasonable notice of the Commonwealth's intention to proceed under this section shall be provided after conviction and before sentencing. The applicability of this section shall be determined at sentencing. The court shall consider any evidence presented at trial and shall afford the Commonwealth and the defendant an opportunity to present any necessary additional evidence and shall determine, by a preponderance of the evidence, if this section is applicable.

(c) **Authority of court in sentencing.**—There shall be no authority in any court to impose on an offender to which this section is applicable **any lesser sentence than provided for in subsection (a)** or to place such offender on probation or to suspend sentence.

42 Pa.C.S.A. § 9712(a)-(c) (emphasis added).

¶ 8 Our standard of review for the instant matter is as follows:

> The applicability of section 9712 must be determined at the time of sentencing. 42 Pa.C.S.A. § 9712(b). At the sentencing hearing, the trial court must consider the evidence adduced at trial, and must provide both the Commonwealth and the defendant an opportunity to present any necessary additional evidence. *Id.* After a full hearing, the trial court must then determine, by a prepon-

derance of the evidence, whether section 9712 applies to the case. *Id.* If the evidence supports imposition of the mandatory minimum sentence, the trial court has no authority to impose any lesser sentence than that which is provided under section 9712(a). *Id.,* § 9712(c).

*Commonwealth v. Chiari,* 741 A.2d 770, 777 (Pa.Super.1999) (footnote omitted).

¶ 9 At issue is whether an accomplice must first have prior knowledge a firearm will be visibly possessed during the commission of the crime. In *Commonwealth v. Walker,* 386 Pa.Super. 100, 562 A.2d 373 (1989), *appeal denied,* 525 Pa. 618, 577 A.2d 889 (1990), this Court addressed the issue of prior knowledge. The appellant and her co-felon robbed an off-duty police officer who was carrying a firearm. *Id.* at 374. Prior to the commission of the crime, the appellant did not have knowledge her co-felon was or would be armed. *Id.* at 375. However, when the appellant observed the officer's firearm, she took it and gave it to her co-felon, who then used it during the commission of the robbery. *Id.* at 374. The appellant was convicted as an accomplice to armed robbery and was subsequently sentenced to the mandatory minimum pursuant to section 9712. *Id.*

¶ 10 On appeal, the appellant in *Walker* argued she should not be subject to the mandatory minimum sentence because the statute applied only to those who "visibly possess a firearm during the commission of the offense." *Id.* This Court relied on *Commonwealth v. Williams,* 353 Pa.Super. 312, 509 A.2d 1292 (1986), and stated the statute also applied to unarmed accomplices since "[i]t would be anomalous to sentence the armed felon in accordance with the minimum sentence, while not similarly punishing an accomplice who is otherwise legally accountable for the actions of the armed felon." *Walker, supra* at 375

(quoting *Williams, supra* at 1295). Additionally, the appellant in *Walker* attempted to distinguish *Williams* by noting the accomplice in *Williams* knew, prior to the start of the robbery, that his co-felon would visibly possess a firearm in the commission of the crime. *See id.* The *Walker* Court clarified the holding in *Williams* by stating, "In *Williams* we did not state an accomplice must have knowledge of the gun prior to the start of the robbery, we stated simply the unarmed accomplice was subject to the mandatory sentence if he had knowledge the firearm was visibly possessed by his co-felon in the commission of the crime." *Id.* (emphasis in original). Therefore, pursuant to *Walker,* we hold an accomplice is subject to the mandatory minimum sentence of section 9712 if he has knowledge at any point during the commission of the crime that his co-felon visibly possessed a firearm.

¶ 11 Instantly, Appellee testified he saw Taylor holding a gun and pointing it at the Subway shop manager. (N.T. Trial at 166). After Appellee became aware of Taylor's use of the gun during the commission of the robbery, he continued to act as an accomplice to the crime and waited for Taylor to exit the store, drove Taylor from the scene, and divided the stolen money with Taylor. (*Id.* at 166–73). Appellee was thus an accomplice in a robbery during which he had knowledge his co-defendant visibly possessed a firearm that placed the victim in reasonable fear of death or serious bodily injury. *See Walker, supra; Williams, supra.*

¶ 12 Based on the foregoing, we hold Appellee is subject to the mandatory minimum sentence required by section 9712 where Appellee knew his co-felon visibly possessed a firearm during the commission of a robbery. The trial court did not have authority to impose a lesser sentence on Appellee. *See* 42 Pa.C.S.A. § 9712(c).

Accordingly, we vacate the judgment of sentence and remand with instructions to sentence Appellee in accordance with section 9712. Because we remand to the trial court for re-sentencing, we have no need to address the Commonwealth's remaining issue.

¶ 13 Judgment of sentence vacated and remanded with instructions. Jurisdiction relinquished.