**IN THE SUPREME COURT OF PENNSYLVANIA**
**EASTERN DISTRICT**

**SAYLOR, C.J., BAER, TODD, DONOHUE, DOUGHERTY, WECHT, MUNDY, JJ.**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | No. 36 EAP 2015 |
| | : | |
| Appellee | : | Appeal from the judgment of Superior |
| | : | Court entered on 6/27/2014 at No. 1784 |
| | : | EDA 2013 affirming the judgment of |
| v. | : | sentence entered on 11/1/2010 in the |
| | : | Court of Common Pleas, Philadelphia |
| | : | County, Criminal Division, at No. CP-51- |
| KAREEM BARNES, | : | CR-0005943-2009. |
| | : | |
| Appellant | : | ARGUED:  September 13, 2016 |

**OPINION**

**JUSTICE BAER**                                    **DECIDED:  December 28, 2016**

This appeal presents the issue of whether a challenge, on direct appeal, alleging that a mandatory minimum sentence violates Alleyne v. United States, 133 S.Ct. 2151 (2013) (requiring that any fact that increases a mandatory minimum sentence be deemed an element of an aggravated offense necessitating pre-trial notice to a defendant, the submission of the fact to a factfinder, and the factfinder's conclusion that the fact has been established beyond a reasonable doubt), implicates the "legality" of a sentence for issue preservation purposes, and thus is not waivable.  Because we hold that an Alleyne challenge implicates legality of sentence, we address the merits of Appellant's challenge to his sentence despite his failure to preserve it before the trial court or Superior Court.  As the Commonwealth concedes, and based on our decisions in Commonwealth v. Hopkins, 117 A.3d 247 (Pa. 2015) and Commonwealth v. Wolfe, 140 A.3d 651 (Pa. 2016), we conclude that Appellant's sentence violates Alleyne.

Accordingly, we reverse the Superior Court's decision, vacate Appellant's judgment of sentence, and remand for resentencing.

The relevant facts of this case are not in dispute. Philadelphia police officers executed a search warrant for a residence where Kareem Barnes ("Appellant") lived with his two younger brothers. The search of one of the bedrooms yielded a firearm, assorted drugs and drug paraphernalia. As a result, the Commonwealth charged Appellant with possession with intent to deliver ("PWID"),[1] possession of a firearm prohibited,[2] and other related charges. Appellant waived his right to a jury trial and proceeded to a bench trial. At trial, Appellant's youngest brother testified that he, not Appellant, occupied the bedroom where the seized items were found and he, not Appellant, owned the contraband. The trial court, however, did not credit the brother's testimony, and instead, found Appellant guilty of the crimes charged. The trial court sentenced Appellant to 5 to 10 years' imprisonment on the PWID conviction, which included a 5-year mandatory minimum sentence pursuant to 42 Pa.C.S. § 9712.1, based on the trial court's finding that Appellant was in constructive possession of drugs "in close proximity to" a firearm.[3] No further penalty was imposed for the other convictions.

---

[1] 35 P.S. § 780-113(a)(30).

[2] 18 Pa.C.S. § 6105.

[3] 42 Pa.C.S. § 9712.1 states in relevant part:

> **(a) Mandatory sentence.--**Any person who is convicted of a violation of [certain drug offenses] when at the time of the offense the person or the person's accomplice is in physical possession or control of a firearm, whether visible, concealed about the person or the person's accomplice or within the actor's or accomplice's reach or in close proximity to the controlled substance, shall likewise be sentenced to a minimum sentence of at least five years of total confinement.
>
> * * *

(continued…)

Appellant filed a notice of appeal,[4] raising two sufficiency of the evidence challenges before the Superior Court which are not at issue here. Specifically, Appellant alleged: 1) there was insufficient evidence to support his convictions for PWID and possession of a firearm because he was not present during the search; and 2) there was insufficient evidence to support a finding that the drugs and gun were found "in close proximity" to each other for purposes of the Section 9712.1 mandatory minimum sentence.

Four days after Appellant filed his notice of appeal, the United States Supreme Court decided Alleyne, supra. In Alleyne, the Supreme Court found that the Sixth

---

(…continued)

**(c) Proof at sentencing.--**Provisions of this section shall not be an element of the crime, and notice thereof to the defendant shall not be required prior to conviction, but reasonable notice of the Commonwealth's intention to proceed under this section shall be provided after conviction and before sentencing. The applicability of this section shall be determined at sentencing. The court shall consider any evidence presented at trial and shall afford the Commonwealth and the defendant an opportunity to present any necessary additional evidence and shall determine, by a preponderance of the evidence, if this section is applicable.

**(d) Authority of court in sentencing.--**There shall be no authority in any court to impose on an offender to which this section is applicable any lesser sentence than provided for in subsection (a) or to place such offender on probation or to suspend sentence. . . .

**(e) Appeal by Commonwealth.--**If a sentencing court refuses to apply this section where applicable, the Commonwealth shall have the right to appellate review of the action of the sentencing court. The appellate court shall vacate the sentence and remand the case to the sentencing court for imposition of a sentence in accordance with this section if it finds that the sentence was imposed in violation of this section.

[4] Although defense counsel initially ignored Appellant's request that counsel file a timely direct appeal, Appellant filed a petition pursuant to the Post Conviction Relief Act, 42 Pa.C.S. §§ 9541-9546, and the Commonwealth subsequently agreed that Appellant was entitled to have his direct appeal rights reinstated *nunc pro tunc*.

Amendment to the United States Constitution requires that any fact increasing a punishment, even if it increases the minimum sentence, must be considered a part of an aggravated offense which a defendant has notice of before trial, and that fact must be found by the finder of fact beyond a reasonable doubt. As such, the High Court struck down as unconstitutional a New Jersey sentencing statute that allowed for the imposition of a mandatory minimum sentence based on the sentencing court's finding of an additional fact (that was not an element of the crime) by the lesser standard of preponderance of the evidence. Despite being filed more than two months after the Supreme Court's pronouncement in Alleyne, Appellant's 1925(b) statement did not raise an Alleyne challenge to his mandatory minimum sentence. Instead, Appellant only raised his two sufficiency claims.

The Superior Court affirmed Appellant's judgment of sentence, agreeing with the trial court that sufficient evidence existed to support Appellant's convictions and the application of the mandatory minimum sentence under Section 9712.1. Despite the fact that Appellant did not raise an Alleyne challenge to his sentence, the Superior Court concluded, in a footnote, that Appellant's sentence did not violate Alleyne, citing that court's precedent at the time, Commonwealth v. Watley, 81 A.3d 108, 118-21 (Pa. Super. 2013) (*en banc*) (holding that Section 9712.1's mandatory minimum sentence did not violate Alleyne where the jury contemporaneously convicted the appellant for PWID and possessory firearms charges).[5]

Appellant sought our review of three issues: 1) his challenge to the sufficiency of the evidence supporting his convictions; 2) his challenge to the sentencing court's

---

[5] The Superior Court subsequently declined to follow its decision in Watley. See Commonwealth v. Newman, 99 A.3d 86, 103 (Pa. Super. 2014) (*en banc*) (declaring 42 Pa.C.S. § 9712.1 unconstitutional on its face).

finding that the drugs were "in close proximity" to the firearm; and 3) for the first time, his challenge to his sentence as violating Alleyne. We denied review of Appellant's two sufficiency of the evidence claims, but granted review of his Alleyne issue. Because there is no dispute that Appellant is raising this challenge for the first time before this Court, we also directed the parties to address the threshold issue of whether Appellant's failure to preserve the issue in the lower courts precludes us from granting relief.

Typically, an appellant waives any claim that is not properly raised in the first instance before the trial court and preserved at every stage of his appeal. Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal."); Commonwealth v. Tilley, 780 A.2d 649, 652 (Pa. 2001) ("[I]n order for a new rule of law to apply retroactively to a case pending on direct appeal, the issue had to be preserved at all stages of adjudication up to and including the direct appeal.") (internal quotation marks and citation omitted).[6] However, an exception to the issue-preservation requirement exists where the challenge is one implicating the legality of the appellant's sentence. See, e.g., Commonwealth v. Dickson, 918 A.2d 95, 99 (Pa. 2007) ("[A] challenge to the legality of sentence cannot be waived."). Because Appellant did not raise his Alleyne challenge before the trial court or the Superior Court, we may only address the merits of his challenge if we determine that it is one implicating the legality of Appellant's sentence so that it cannot be waived.

---

[6] It is worth noting here that the Commonwealth concedes Alleyne announced a new rule of law that should be applied retroactively on direct appeal, as long as the issue is properly preserved or the issue is nonwaivable. See Commonwealth's Brief at 28 (citing Tilley, supra). The retroactive application of Alleyne on direct appeal differs from its application during collateral review, as we recently explained in Commonwealth v. Washington, 142 A.3d 810 (Pa. 2016) (holding Alleyne should not be applied retroactively on collateral review).

If we determine that an Alleyne challenge is not waivable on direct appeal, then Appellant is entitled to resentencing, as the Commonwealth concedes that our prior decisions interpreting Alleyne render Section 9712.1 unconstitutional on its face. Specifically, in Commonwealth v. Wolfe, we stated that "[t]he effect of Alleyne's new rule was to invalidate a range of Pennsylvania sentencing statutes predicating mandatory minimum penalties upon non-elemental facts and requiring such facts to be determined by a preponderance of the evidence at sentencing." 140 A.3d 651, 653 (Pa. 2016) (holding 42 Pa.C.S. § 9718 violated Alleyne because it required imposition of a ten-year mandatory minimum sentence for an involuntary deviant sexual assault conviction based on an additional fact (that the victim was less than sixteen years of age) found at sentencing and proven only by a preponderance of the evidence); see also Commonwealth v. Hopkins, 117 A.3d 247 (Pa. 2015) (finding 18 Pa.C.S. § 6317 constitutionally infirm for similar reasons). Section 9712.1, under which Appellant was sentenced, contains the identical constitutional infirmities as the now void provisions at issue in Wolfe and Hopkins. Accordingly, Appellant's sentence violated Alleyne, and our ability to afford relief rises or falls on issue preservation.

It is important to note that this Court recently wrestled with the issue-preservation doctrine as it relates to challenges to mandatory minimum sentences in Commonwealth v. Foster, 17 A.3d 332 (Pa. 2011) (plurality). Notably, Foster did not involve an Alleyne challenge as presented here; rather, the appellant in Foster presented a Dickson challenge. In Commonwealth v. Dickson, 918 A.2d 95 (Pa. 2007), this Court reviewed the mandatory minimum sentence found at 42 Pa.C.S. § 9712 (requiring at least five years' imprisonment for a person who visibly possesses a firearm during the commission of a crime of violence) and whether it applied to an unarmed co-conspirator. Ultimately, we concluded it was unconstitutional to apply Section 9712's

mandatory minimum sentence to an individual who did not possess a firearm.[7] Thus, the mandatory minimum sentencing challenge in <u>Foster</u>, which was pre-<u>Alleyne</u>, was not that the statute was unconstitutional on its face, but instead, unconstitutionally applied to the defendant therein, who was an accomplice to the crime at issue.

Relevant here, Foster did not present his challenge to the mandatory minimum sentence's application at the time he was sentenced, as <u>Dickson</u>, upon which he relied in presenting his issue, was decided by this Court four months after Foster's sentencing and during the pendency of his direct appeal. As Foster did not properly preserve his challenge at the time of his sentencing, he was only entitled to relief if we determined that his issue was not waived by his failure to raise it in the trial court. The Commonwealth argued that Foster's challenge did not implicate legality for issue preservation purposes because he could have received the same sentence under separate, albeit discretionary, authority, which allowed for the sentence imposed as well as a lesser sentence.

Although this Court was split as to the reasoning, we unanimously agreed that Foster was entitled to relief despite his failure to preserve timely the issue in the trial court, rejecting the Commonwealth's argument that separate statutory authority supporting the sentence precluded relief. The lead opinion in the case, penned by this author and joined by two other Justices,[8] concluded that Foster's <u>Dickson</u> challenge implicated legality of sentence and was thus non-waivable. <u>Foster</u>, 17 A.3d at 345. Specifically, the lead opinion reasoned that "when a sentencing court has no alternative

---

[7] Our holding in <u>Dickson</u> overruled decades of Superior Court case law finding Section 9712 could be constitutionally applied to an unarmed co-conspirator. <u>See</u>, <u>e.g.</u>, <u>Commonwealth v. Walker</u>, 562 A.2d 373 (Pa. Super. 1989).

[8] Justice Todd and former Justice McCaffery joined the lead opinion in <u>Foster</u>.

but to impose a [later-determined unconstitutional] minimum sentence, its authority to act has been infringed upon[,]" rendering the sentence "illegal" for issue-preservation purposes. Id. at 344-45.

In a concurring opinion, former Chief Justice Castille joined by former Justice Orie Melvin, opined Foster was entitled to relief based on a retroactivity analysis. Labeling Foster's challenge as one implicating legality of sentence, he opined, was an unnecessary expansion of the legality of sentence doctrine, as prior to Foster, the typical legality of sentence issue involved one where the appellant received a sentence above the statutory maximum. To former Chief Justice Castille, the fact that Foster raised a Dickson claim immediately after we issued our decision in that case constituted sufficient preservation to entitle him to retroactive benefit of the new rule.

In a separate concurring opinion then-Justice, now-Chief Justice, Saylor agreed that Foster was entitled to relief, although he advocated the federal case-by-case approach of declaring a sentence illegal *per se*, which allows for "the vindication of compelling claims for relief from criminal sanctions, where the interests of justice require, despite failures to raise and preserve them." Id. at 355. Lastly, former Justice Eakin penned a concurrence, joined by former Chief Justice Castille, agreeing that Foster was entitled to relief based on retroactivity, but noting his belief that a sentence may not be an "illegal" sentence for issue preservation purposes where the sentence is within the statutory maximum.

Returning to the instant case, Appellant argues that his sentence is illegal and thus his failure to preserve his challenge is immaterial to this Court's ability to afford him relief. Appellant agrees with the lead opinion in Foster that a sentence is illegal for issue preservation purposes where the sentencing court lacked authority to avoid entering the particular sentence that is later found to be unconstitutional. Applying that

rule to the instant case, Appellant asserts that because <u>Alleyne</u> rendered Section 9712.1 unconstitutional on its face, and the sentencing court had no choice but to impose the mandatory minimum sentence in accord with Section 9712.1, his sentence is illegal. In Appellant's view, a sentence derived from an unconstitutional mandatory minimum statute is illegal regardless of whether there was separate authority by which the sentencing court could have imposed an identical sentence.[9]

In response, the Commonwealth agrees with Appellant and the lead opinion in <u>Foster</u> that a sentence is "illegal" for preservation purposes when "the sentencing court had no jurisdiction or authority to impose" the sentence. Commonwealth's Brief at 12. The Commonwealth differs, however, in its application of that rule to the facts of this case. To the Commonwealth, the sentencing court was not without authority to enter Appellant's sentence because it possessed separate statutory authority in support thereof, *i.e.*, a discretionary sentence pursuant to the sentencing guidelines, which authorized a maximum of ten years' imprisonment for Appellant.[10] Essentially, the Commonwealth raises the same argument it did in <u>Foster</u>, and does not present any persuasive reason why we should dispose of this case differently than we did in <u>Foster</u>.

As stated above, the disposition of <u>Foster</u> was unanimous: the appellant received the benefit of a new rule of law announced while his direct appeal was pending which concluded that his mandatory minimum sentence was unconstitutional, despite his

---

[9] The Defender Association of Philadelphia filed an *amicus curiae* brief in support of Appellant, positing similar arguments as Appellant.

[10] Again, Appellant was sentenced to 5 to 10 years of imprisonment. The Commonwealth acknowledges that the statutory maximum for a PWID conviction is generally five years. <u>See</u> 35 P.S. § 780-113(f)(2). However, the Commonwealth asserts, because Appellant had a prior conviction, the sentencing court was authorized to impose "a term up to twice the term otherwise authorized," 35 P.S. § 780-115(a), or in other words, up to ten years.

failure properly to preserve his challenge; that this Court was divided as to whether it was necessary to label the sentence "illegal" for issue preservation purposes does not take away from this unanimous disposition. The facts of the case now before us dictate the same disposition, as Alleyne declared a new rule of law that was announced while Appellant's direct appeal was pending and which rendered Appellant's mandatory minimum sentence unconstitutional. Based on this Court's precedent, Appellant is entitled to relief.

Moreover, on balance, we agree with Appellant that his challenge implicates the legality of his sentence notwithstanding the separate, discretionary authority under which he could have received the same sentence. See supra at 9 n.10. While this separate authority did, in fact, allow for the sentence Appellant received, it also authorized any lesser sentence that the sentencing court deemed appropriate, but was constrained from entertaining here. Importantly, there was no separate mandatory authority to support Appellant's sentence. Based on the mandatory nature of Section 9712.1, at the time of sentencing, the sentencing court was without authority to enter any other sentence. As that sentencing provision has now been rendered unconstitutional on its face by Hopkins and Wolfe, it is as if that statutory authority never existed. See Wolfe, 140 A.3d at 661 (quoting 16 C.J.S. CONSTITUTIONAL LAW § 265 (2016)) ("[A]n unconstitutional, non-severable statute is 'not a law, has no existence, is a nullity, or has no force or effect or is inoperative.'"). Accordingly, we hereby adopt the lead opinion in Foster and definitively hold that where the mandatory minimum sentencing authority on which the sentencing court relied is rendered void on its face, and no separate mandatory authority supported the sentence, any sentence entered under such purported authority is an illegal sentence for issue preservation purposes on

direct appeal. Thus, Appellant is entitled to resentencing notwithstanding his failure to preserve his issue prior to seeking our review.

As we find that Appellant's challenge to his sentence is not waived, and because the Commonwealth concedes that Appellant's sentence is unconstitutional under Alleyne, we vacate Appellant's judgment of sentence and remand to the trial court for resentencing without application of 42 Pa.C.S. § 9712.1.

Justices Todd, Donohue and Wecht join the opinion.

Chief Justice Saylor files a concurring opinion in which Justice Mundy joins.

Justice Dougherty files a concurring opinion.