# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Michael Bryant Henry,          :
            Petitioner     :
                              :
       v.                      :    No. 416 M.D. 2019
                              :    Submitted: November 13, 2020
Tom Wolf, Governor of Pennsylvania   :
and The General Assembly,        :
           Respondents   :

**BEFORE:**    **HONORABLE RENÉE COHN JUBELIRER, Judge**
                    **HONORABLE P. KEVIN BROBSON, Judge**[1]
                    **HONORABLE CHRISTINE FIZZANO CANNON, Judge**

**OPINION BY JUDGE BROBSON**                **FILED: June 23, 2021**

Before the Court in our original jurisdiction are the preliminary objections filed by Tom Wolf, Governor of Pennsylvania (Governor Wolf), and the General Assembly to the petition for review (Petition) filed *pro se* by Petitioner Michael Bryant Henry (Henry).[2] In the Petition, Henry challenges the constitutionality of the statute under which he was sentenced for his first degree murder conviction. For the reasons that follow, we sustain Governor Wolf's preliminary objection based on lack of jurisdiction, albeit on other grounds, and transfer this matter to the appropriate court of common pleas.

---

[1] This case was assigned to the opinion writer before January 4, 2021, when Judge Brobson became President Judge.

[2] Although titled as an "Application for Relief," the Court treats Henry's filing as a petition for review filed in our original jurisdiction.

Henry filed the Petition on July 23, 2019, averring that, in 1993, he was convicted of first degree murder and sentenced to a term of "life imprisonment" pursuant to Section 1102(a) of the Crimes Code, 18 Pa. C.S. § 1102(a).[3] (Petition at 1-2.) He contends that Section 1102(a) is unconstitutionally vague because it fails to provide a person of ordinary intelligence fair notice that the true penalty for first degree murder is a sentence of life imprisonment without parole.

Governor Wolf filed preliminary objections to the Petition, asserting: (1) Henry failed to properly serve the Petition; (2) this Court lacks jurisdiction because the Petition is in the nature of a request for a writ of *habeas corpus*; and (3) Henry failed to exhaust his statutory remedies under the Post Conviction Relief Act (PCRA), 42 Pa. C.S. §§ 9541-9546. The General Assembly also filed preliminary objections asserting that: (1) Henry failed to properly serve the Petition;[4] (2) Henry failed to exhaust his statutory remedies under the PCRA; (3) Henry failed to state a claim against the General Assembly upon which relief could be granted; and (4) the General Assembly is immune from suit under the Speech or Debate Clause found in Article II, Section 15 of the Pennsylvania Constitution.[5]

---

[3] *See* Act of March 26, 1974, P.L. 213. At the time of Henry's conviction and sentencing, Section 1102(a) of the Crimes Code provided, in relevant part: "A person who has been convicted of a murder of the first degree shall be sentenced to death or to a term of life imprisonment. . . ." Section 1102(a) has since been amended several times, though it still generally provides for a sentence of "life imprisonment" for first degree murder. *See* 18 Pa. C.S. § 1102(a)(1).

[4] The issue of whether the Petition was properly served on Governor Wolf and the General Assembly is no longer before the Court. (*See* Order dated 1/28/2020 (noting Henry's compliance with prior order to effectuate proper service and overruling General Assembly's preliminary objection asserting improper service); Governor Wolf's Brief at 2 n.2 (acknowledging Henry's compliance with service requirements).)

[5] Article II, Section 15 of the Pennsylvania Constitution provides:

In ruling on preliminary objections, we accept as true all well-pleaded material allegations in the petition for review and any reasonable inferences that we may draw from the averments. *Meier v. Maleski*, 648 A.2d 595, 600 (Pa. Cmwlth. 1994). The Court, however, is not bound by legal conclusions, unwarranted inferences from facts, argumentative allegations, or expressions of opinion encompassed in the petition for review. *Id.* We may sustain preliminary objections only when the law makes clear that the petitioner cannot succeed on the claim, and we must resolve any doubt in favor of the petitioner. *Id.* "We review preliminary objections in the nature of a demurrer under the above guidelines and may sustain a demurrer only when a petitioner has failed to state a claim for which relief may be granted." *Armstrong Cnty. Mem'l Hosp. v. Dep't of Pub. Welfare*, 67 A.3d 160, 170 (Pa. Cmwlth. 2013).

As noted, Governor Wolf contends that the Petition is in the nature of a request for a writ of *habeas corpus*, over which this Court lacks jurisdiction pursuant to Section 761(a)(1)(i) of the Judicial Code, 42 Pa. C.S. § 761(a)(1)(i).[6] Relatedly, Governor Wolf and the General Assembly both argue that Henry has failed to exhaust his statutory remedies under the PCRA, which provides the sole means by

_____

The members of the General Assembly shall in all cases, except treason, felony, violation of their oath of office, and breach or surety of the peace, be privileged from arrest during their attendance at the sessions of their respective Houses and in going to and returning from the same; and for any speech or debate in either House they shall not be questioned in any other place.

[6] Section 761(a)(1)(i) of the Judicial Code provides:

(a) General rule.--The Commonwealth Court shall have original jurisdiction of all civil actions or proceedings:

(1) Against the Commonwealth government, including any officer thereof, acting in his official capacity, except:

(i) actions or proceedings in the nature of applications for a writ of habeas corpus or post-conviction relief not ancillary to proceedings within the appellate jurisdiction of the court[.]

3

which persons convicted of crimes they did not commit and persons serving illegal sentences may obtain collateral relief. *See* Section 9542 of the PCRA, 42 Pa. C.S. § 9542.[7] For these reasons, Governor Wolf and the General Assembly argue that the Petition should be dismissed with prejudice.[8] In response, Henry contends that "[t]he writ of habeas [corpus] is not available for this situation" and that he cannot proceed under the PCRA because he cannot overcome its jurisdictional time bar. (Henry's Brief at 5.)

Upon review, we find instructive our Supreme Court's recent decision in *Commonwealth v. Moore*, 247 A.3d 990 (Pa. 2021). In that case, defendant Ingram Moore (Moore) was convicted of first degree murder and possession of an instrument of a crime in 1995. *Moore*, 247 A.3d at 991. He was sentenced to a mandatory sentence of life imprisonment without the possibility of parole for first degree murder pursuant to Section 1102(a) of the Crimes Code. *Id.* at 991-92. In 2016, Moore filed a petition for writ of *habeas corpus* with the Court of Common Pleas of Philadelphia County, alleging that his continued incarceration was illegal because "the statute he was sentenced under was unconstitutionally vague for failing to give [him] notice that a sentence of life imprisonment meant without parole." *Id.* at 992. The trial court ultimately dismissed the petition pursuant to the PCRA, and

---

[7] Section 9542 of the PCRA provides, in relevant part:

This subchapter provides for an action by which persons convicted of crimes they did not commit and persons serving illegal sentences may obtain collateral relief. The action established in this subchapter shall be the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for the same purpose that exist when this subchapter takes effect, including habeas corpus and coram nobis.

[8] In arguing that the Petition is in the nature of a request for a writ of *habeas corpus*, Governor Wolf adds that, as an alternative to dismissal, the matter should be transferred to the appropriate tribunal.

the Superior Court affirmed. *Id.* On appeal, the Supreme Court held that Moore's claim was an illegal sentence claim cognizable under the PCRA and, as such, he was "required to bring it under that statute and to comply with all applicable requirements, including timeliness." *Id.* at 991, 998. Concluding that Moore's petition had been untimely filed and that "courts cannot address the merits of an untimely petition," the Supreme Court held that Moore's petition had been properly dismissed. *Id.* at 998.

In reaching its conclusion, the Supreme Court explained:

The void for vagueness doctrine "prevents the government from imposing sanctions under a criminal law that fails to give fair notice of the proscribed conduct." *Commonwealth v. Herman*, . . . 161 A.3d 194, 204 ([Pa.] 2017) (citing *Johnson v. United States*, 576 U.S. 591, 595 . . . (2015)[)]. A sentencing court does not have authority to sentence a defendant pursuant to an unconstitutionally vague sentencing statute. *See Johnson* . . . ; *Welch v. United States*, . . . 136 S.Ct. 1257, 1262 . . . (2016). If Section 1102(a) [of the Crimes Code] is void for vagueness, the sentencing court would not have been permitted to sentence [the a]ppellant to life without the possibility of parole. The authority to impose that sentence would have not existed. Section 1102(a) is the only section under the [Crimes C]ode that sets out the sentence to be imposed for a conviction of first degree murder. This is exactly the type of claim we determined implicated the legality of the sentence in [*Commonwealth v. Barnes*, 151 A.3d 121 (Pa. 2016),] and found cognizable under the PCRA in [*Commonwealth v. DiMatteo*, 177 A.3d 182 (Pa. 2018)].

Further, if [the a]ppellant's vagueness claim is successful it would satisfy the eligibility for relief requirements of Section 9543(a)(2) [of the PCRA]. If the sentencing statute under which the sentencing court imposed sentence is void, and there is not another applicable sentencing statute, the sentencing court had no authority to impose any sentence at all on [the a]ppellant. If the court had no statutory authority to impose any sentence at all then any sentence imposed is a sentence greater than the lawful maximum, thus qualifying [the a]ppellant for relief under Section 9543(a)(2)(vii) [of the PCRA].

[The a]ppellant's claim is, therefore, cognizable under the PCRA. . . .

As [the a]ppellant's claim is cognizable under the PCRA[,] he is required to bring it under that statute and to comply with all applicable requirements, including timeliness.

*Moore*, 247 A.3d at 997-98 (footnote omitted).

Here, Henry likewise challenges Section 1102(a) of the Crimes Code on the basis that it is unconstitutionally vague for failing to provide adequate notice that a sentence for first degree murder is life imprisonment without parole. Pursuant to *Moore*, this claim is cognizable under the PCRA and must be brought in accordance with that statute. We thus interpret this action as one "in the nature of [an] application[] for . . . post-conviction relief." 42 Pa. C.S. § 761(a)(1)(i). Given that the action is not ancillary to any proceedings within the appellate jurisdiction of this Court, the Court lacks jurisdiction over the matter.

Nonetheless, we will not dismiss the Petition. Instead, we will transfer the matter to the "proper tribunal" pursuant to Section 5103(a) of the Judicial Code, 42 Pa. C.S. § 5103(a), which provides:

(a) General rule.--If an appeal or other matter is taken to or brought in a court or magisterial district of this Commonwealth which does not have jurisdiction of the appeal or other matter, the court or magisterial district judge shall not quash such appeal or dismiss the matter, but shall transfer the record thereof to the proper tribunal of this Commonwealth, where the appeal or other matter shall be treated as if originally filed in the transferee tribunal on the date when the appeal or other matter was first filed in a court or magisterial district of this Commonwealth. A matter which is within the exclusive jurisdiction of a court or magisterial district judge of this Commonwealth but which is commenced in any other tribunal of this Commonwealth shall be transferred by the other tribunal to the proper court or magisterial district of this Commonwealth where it shall be treated as if originally filed in the transferee court or magisterial district of this Commonwealth on the date when first filed in the other tribunal.

6

As the Court lacks jurisdiction over this matter, given that the action is cognizable under the PCRA, the matter shall be transferred to the appropriate court of common pleas. *See* 42 Pa. C.S. § 9545(a) (providing that "[o]riginal jurisdiction over a proceeding under this subchapter shall be in the court of common pleas"); Pa. R. Crim. P. 901(B) (providing that "[a] proceeding for post-conviction collateral relief shall be initiated by filing a petition and 3 copies with the clerk of the court in which the defendant was convicted and sentenced").[9] In this case, the proper court is the Court of Common Pleas of Fayette County.

Accordingly, we sustain Governor Wolf's preliminary objection asserting lack of jurisdiction, albeit on different grounds,[10] and we transfer the matter to the Court of Common Pleas of Fayette County, the court of record in which Henry was convicted and sentenced.

_____
P. KEVIN BROBSON, Judge

Judge Crompton did not participate in the decision of this case.

_____

[9] As the Court lacks jurisdiction over this matter, we do not address the remaining preliminary objections brought by Governor Wolf and the General Assembly. Moreover, we note that our transfer of this matter to the sentencing court for consideration as an action under the PCRA may require the sentencing court to address additional issues, such as whether the matter is properly captioned, whether respondents are proper parties, and whether the matter is timely. Given this Court's lack of jurisdiction, however, we are without the ability to address them.

[10] As explained above, Governor Wolf's preliminary objection raising lack of jurisdiction was premised upon his assertion that the Petition was in the nature of one seeking *habeas corpus* relief, and not PCRA relief. Further, while the General Assembly did not raise a preliminary objection framed as lack of jurisdiction, its objection that Henry failed to exercise or exhaust his relief under the PCRA was premised on the notion that the PCRA provided the only means of relief available to Henry, which is simply another way of stating that jurisdiction lies with another tribunal. Furthermore, we note that the parties did not have the benefit of *Moore*'s recent holding at the time they filed their preliminary objections for purposes of framing their jurisdictional arguments.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Michael Bryant Henry,           :
          Petitioner    :
                         :
        v.              :   No. 416 M.D. 2019
                         :
Tom Wolf, Governor of Pennsylvania  :
and The General Assembly,        :
          Respondents  :

# O R D E R

AND NOW, this 23rd day of June, 2021, the preliminary objection raising lack of jurisdiction filed by Tom Wolf, Governor of Pennsylvania, is hereby SUSTAINED, and the Prothonotary is directed to transfer this matter to the Court of Common Pleas of Fayette County for further disposition. The Prothonotary shall include a certified copy of the docket entries with the transfer.

Jurisdiction relinquished.

_____
P. KEVIN BROBSON, Judge