# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Timothy Dockery,                           :
                        Petitioner          :
                                            :
            v.                              :        No. 518 M.D. 2019
                                            :        Submitted: January 15, 2021
Tom Wolf, Governor of                       :
Pennsylvania, and Attorney                  :
General and Josh Shapiro                    :
of Pennsylvania, and                        :
General Assembly,                           :
                        Respondents         :


BEFORE:   HONORABLE P. KEVIN BROBSON, President Judge
          HONORABLE MICHAEL H. WOJCIK, Judge
          HONORABLE CHRISTINE FIZZANO CANNON, Judge


**OPINION BY PRESIDENT JUDGE BROBSON          FILED:  July 9, 2021**


        Before the Court in our original jurisdiction are the preliminary objections filed by Tom Wolf, Governor of Pennsylvania (Governor Wolf), and Josh Shapiro, Attorney General of Pennsylvania (AG Shapiro), to the petition for review (Petition) filed *pro se* by Petitioner Timothy Dockery (Dockery).[1]  In the Petition, Dockery challenges the constitutionality of the statute under which he was sentenced for his second degree murder convictions, among other related claims.  For the reasons that follow, we sustain Governor Wolf and AG Shapiro's preliminary objection based on lack of jurisdiction, albeit on other grounds, and transfer this matter to the appropriate court of common pleas.

---

[1] Although titled as an "Application for Relief," the Court treats Dockery's filing as a petition for review filed in our original jurisdiction.

Dockery filed the Petition on September 10, 2019, against Governor Wolf, AG Shapiro, and the General Assembly, averring that, in 1991, he was sentenced to life imprisonment without parole following his conviction on four counts of second degree murder. (Petition ¶¶ 2-3.) Dockery's sentence was imposed pursuant to Section 1102(b) of the Crimes Code, 18 Pa. C.S. § 1102(b), which at the time provided: "A person who has been convicted of murder of the second degree shall be sentenced to a term of life imprisonment." *See* Act of March 26, 1974, P.L. 213 (Act 46). While Section 1102(b) of the Crimes Code has since been amended several times, it still generally provides for a sentence of "life imprisonment" for second degree murder.[2] *See* 18 Pa. C.S. § 1102(b).

Central to the Petition is Dockery's assertion that Section 1102(b) of the Crimes Code fails to provide a reasonable person of ordinary intelligence fair notice that the true penalty for second degree murder is life imprisonment without parole, and that sentencing courts can apply *both* Section 1102(b) and Section 6137(a)(1) of the Prisons and Parole Code (Parole Code), 61 Pa. C.S. § 6137(a)(1), and not just Section 1102(b) to impose that sentence. (*See, e.g.*, Petition ¶¶ 5, 8-9, 14-15, 20.) Section 6137(a)(1) of the Parole Code provides that the Pennsylvania Parole Board (Board) "may release on parole any inmate to whom the power to parole is granted to the [B]oard by this chapter, except an inmate condemned to death or serving life

---

[2] The current version of Section 1102(b) of the Crimes Code provides: "(b) Second degree.--Except as provided under [S]ection 1102.1[ of the Crimes Code], *a person who has been convicted of murder of the second degree*, of second degree murder of an unborn child or of second degree murder of a law enforcement officer *shall be sentenced to a term of life imprisonment*." (Emphasis added.) Throughout his Petition and brief, Dockery at times references Act 46 and Section 1102(b) of the Crimes Code as if they are separate and distinct statutory provisions when, in fact, Act 46 is merely an earlier version of the current Section 1102(b). For this reason, we address Dockery's arguments in terms of Section 1102(b) generally unless reference to Act 46 is necessary for the disposition of the issues or for purposes of clarity.

imprisonment." Dockery contends that, because Section 1102(b)'s plain language does not provide for a life sentence "without parole" and courts are applying Section 1102(b) and Section 6137(a)(1) of the Parole Code together to impose life without parole sentences, Section 1102(b) is void for vagueness, violates state and federal due process principles, and contravenes Section 104(4) of the Crimes Code, 18 Pa. C.S. § 104(4), which provides that one purpose of the Crimes Code is "[t]o give fair warning . . . of the sentences that may be imposed on conviction of an offense." Dockery also claims that Section 1102(b) violates Article III, Section 1 of the Pennsylvania Constitution,[3] though his precise argument in support of that claim is difficult to discern.[4] Dockery adds that sentencing courts are impermissibly imposing the additional condition of "without parole" when that language is not included in Section 1102(b), and that Dockery's counsel in his criminal case was ineffective for failing to raise Dockery's sentencing challenge in the context of that case. By way of relief, Dockery requests that Section 1102(b) be declared unconstitutional and "in violation of the 'void for vagueness doctrine'"; his sentence be vacated and he receive a new sentence pursuant to a new sentencing statute "that gives fair notice of its intent[;] and whatever other relief this Honorable Court deems appropriate." (Petition ¶ 61.)

---

[3] Article III, Section 1 of the Pennsylvania Constitution provides: "No law shall be passed except by bill, and no bill shall be so altered or amended, on its passage through either House, as to change its original purpose."

[4] Dockery appears to claim that the title and contents of Section 1102(b) of the Crimes Code are deceptive and suffer the same notice deficiencies described above with respect to the penalty for second degree murder and that Section 1102(b), and more specifically Act 46, failed to provide the same notice as was originally provided in a prior version of the statute regarding parole eligibility.

3

Governor Wolf and AG Shapiro jointly filed preliminary objections to the Petition. Governor Wolf and AG Shapiro demurred on two bases:[5] (1) Dockery's challenge to the legislation at issue is untimely and meritless to the extent that it is premised on Article III, Section 1 of the Pennsylvania Constitution; and (2) Dockery's vagueness challenge constitutes a sentencing claim over which this Court lacks jurisdiction, as it should be raised in a petition for a writ of *habeas corpus* in his underlying criminal case.[6] For these reasons, Governor Wolf and AG Shapiro argue that the Petition should be dismissed with prejudice.

In ruling on preliminary objections, we accept as true all well-pleaded material allegations in the petition for review and any reasonable inferences that we may draw from the averments. *Meier v. Maleski*, 648 A.2d 595, 600 (Pa. Cmwlth. 1994). The Court, however, is not bound by legal conclusions, unwarranted inferences from facts, argumentative allegations, or expressions of opinion encompassed in the petition for review. *Id.* We may sustain preliminary objections only when the law makes clear that the petitioner cannot succeed on the claim, and we must resolve any doubt in favor of the petitioner. *Id.* "We review preliminary objections in the nature of a demurrer under the above guidelines and may sustain a demurrer only when a

---

[5] Governor Wolf and AG Shapiro also preliminarily objected on the basis of improper service of the Petition. This prompted the Court to issue an order, dated October 16, 2019, directing Dockery to effectuate proper service on "respondents and the Attorney General in person or by certified mail as required by Pa. R.A.P. 1514(c)." Thereafter, Dockery complied with the service requirements of Pa. R.A.P. 1514(c) as to Governor Wolf and AG Shapiro. As a result, the Court overruled their preliminary objection alleging improper service by order filed January 6, 2020. We note that the General Assembly has not participated in this matter, and our review of the record reveals that Dockery may not have effectuated proper service on it, despite the Court's order dated October 16, 2019.

[6] In their brief in support of their preliminary objections, Governor Wolf and AG Shapiro add that, insofar as Dockery alleges that his counsel was ineffective, that claim is likewise not properly before this Court.

petitioner has failed to state a claim for which relief may be granted." *Armstrong Cnty. Mem'l Hosp. v. Dep't of Pub. Welfare*, 67 A.3d 160, 170 (Pa. Cmwlth. 2013).

We first address Governor Wolf and AG Shapiro's preliminary objection relating to this Court's jurisdiction. Section 761(a)(1)(i) of the Judicial Code, 42 Pa. C.S. § 761(a)(1)(i), provides, in relevant part:

> (a) General rule.--The Commonwealth Court shall have original jurisdiction of all civil actions or proceedings:
>
> (1) Against the Commonwealth government, including any officer thereof, acting in his official capacity, except:
>
> > (i) actions or proceedings in the nature of applications for a writ of habeas corpus or post-conviction relief not ancillary to proceedings within the appellate jurisdiction of the court[.]

While Governor Wolf and AG Shapiro contend that Dockery seeks *habeas corpus* relief, we conclude that the Petition is in the nature of an application for relief under the Post Conviction Relief Act (PCRA), 42 Pa. C.S. §§ 9541-9546. In this regard, we observe that Section 9542 of the PCRA, 42 Pa. C.S. § 9542, provides, in relevant part:

> This subchapter provides for an action by which persons convicted of crimes they did not commit and persons serving illegal sentences may obtain collateral relief. The action established in this subchapter shall be the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for the same purpose that exist when this subchapter takes effect, including habeas corpus and coram nobis.

Also pertinent to our analysis is our Supreme Court's recent decision in *Commonwealth v. Moore*, 247 A.3d 990 (Pa. 2021). In that case, defendant Ingram Moore (Moore) was convicted of first degree murder and possession of an instrument of a crime in 1995. *Moore*, 247 A.3d at 991. He was sentenced to a mandatory sentence of life imprisonment without the possibility of parole for first

5

degree murder pursuant to Section 1102(a) of the Crimes Code, 18 Pa. C.S. § 1102(a).[7] *Moore*, 247 A.3d at 991-92. In 2016, Moore filed a petition for writ of *habeas corpus* with the Court of Common Pleas of Philadelphia County, alleging that his continued incarceration was illegal because "the statute he was sentenced under was unconstitutionally vague for failing to give [him] notice that a sentence of life imprisonment meant without parole." *Id.* at 992. The trial court ultimately dismissed the petition pursuant to the PCRA, and the Superior Court affirmed. *Id.*

On appeal, the Supreme Court held that Moore's claim was an illegal sentence claim cognizable under the PCRA and, as such, he was "required to bring it under that statute and to comply with all applicable requirements, including timeliness." *Id.* at 991, 998. Concluding that Moore's petition had been untimely filed and that "courts cannot address the merits of an untimely petition," the Supreme Court held that Moore's petition had been properly dismissed. *Id.* at 998. In reaching its conclusion, the Supreme Court explained:

> The void for vagueness doctrine "prevents the government from imposing sanctions under a criminal law that fails to give fair notice of the proscribed conduct." *Commonwealth v. Herman*, . . . 161 A.3d 194, 204 ([Pa. ]2017) (citing *Johnson v. United States*, 576 U.S. 591, 595 . . . (2015)[)]. A sentencing court does not have authority to sentence a defendant pursuant to an unconstitutionally vague sentencing statute. *See Johnson* . . . ; *Welch v. United States*, . . . 136 S.Ct. 1257, 1262 . . . (2016). If Section 1102(a) [of the Crimes Code] is void for vagueness, the sentencing court would not have been permitted to sentence [the a]ppellant to life without the possibility of parole. The authority to impose that sentence would have not existed. Section 1102(a) is the only section under the [Crimes C]ode that sets out the sentence to be imposed for a conviction of first degree murder. This is exactly the type of claim we determined implicated the legality of the sentence in [*Commonwealth v. Barnes*, 151 A.3d 121 (Pa. 2016),]

---

[7] Section 1102(a) of the Crimes Code "provided at the time of [the a]ppellant's offense: 'A person who has been convicted of a murder of the first degree shall be sentenced to death or a term of life imprisonment. . . .' 18 Pa. C.S. § 1102(a) (as of 1993)." *Moore*, 247 A.3d at 992 n.3.

6

and found cognizable under the PCRA in [*Commonwealth v. DiMatteo*, 177 A.3d 182 (Pa. 2018).]

Further, if [the a]ppellant's vagueness claim is successful it would satisfy the eligibility for relief requirements of Section 9543(a)(2)[ of the PCRA]. If the sentencing statute under which the sentencing court imposed sentence is void, and there is not another applicable sentencing statute, the sentencing court had no authority to impose any sentence at all on [the a]ppellant. If the court had no statutory authority to impose any sentence at all then any sentence imposed is a sentence greater than the lawful maximum, thus qualifying [the a]ppellant for relief under Section 9543(a)(2)(vii)[ of the PCRA].

[The a]ppellant's claim is, therefore, cognizable under the PCRA. . . .

As [the a]ppellant's claim is cognizable under the PCRA he is required to bring it under that statute and to comply with all applicable requirements, including timeliness.

*Moore*, 247 A.3d at 997-98 (footnote omitted).

Here, Dockery challenges the constitutionality of Section 1102(b) of the Crimes Code, as well as sentencing courts' authority to impose a sentence of life without parole, on similar grounds. Pursuant to *Moore*, his claim is cognizable under the PCRA and must be brought in accordance with that statute. *Id.* at 998. Additionally, Dockery's related challenge to his counsel's alleged ineffectiveness is likewise cognizable under the PCRA. *See* 42 Pa. C.S. § 9543(a)(2)(ii) (providing that, to be eligible for PCRA relief, petitioner must plead and prove, *inter alia*, "[t]hat the conviction or sentence resulted from . . . [i]neffective assistance of counsel"). Finally, by way of relief, Dockery requests, *inter alia*, to be resentenced. (Petition ¶ 61.) This type of relief is available under the PCRA. *See* 42 Pa. C.S. § 9546(a) (providing that "[i]f the court rules in favor of the petitioner, it shall order appropriate relief and issue supplementary orders as to rearraignment, retrial,

custody, bail, discharge, correction of sentence or other matters that are necessary and proper").

In light of the claims Dockery raises and the relief he seeks, we interpret the Petition as one "in the nature of [an] application[] for . . . post-conviction relief." 42 Pa. C.S. § 761(a)(1)(i). Given that the action is not ancillary to any proceedings within the appellate jurisdiction of the Court, this Court lacks jurisdiction over the Petition. Nonetheless, we will not dismiss the Petition. Instead, we will transfer the matter to the "proper tribunal" pursuant to Section 5103(a) of the Judicial Code, 42 Pa. C.S. § 5103(a),[8] which provides:

> (a) General rule.--If an appeal or other matter is taken to or brought in a court or magisterial district of this Commonwealth which does not have jurisdiction of the appeal or other matter, the court or magisterial district judge shall not quash such appeal or dismiss the matter, but shall transfer the record thereof to the proper tribunal of this Commonwealth, where the appeal or other matter shall be treated as if originally filed in the transferee tribunal on the date when the appeal or other matter was first filed in a court or magisterial district of this Commonwealth. A matter which is within the exclusive jurisdiction of a court or magisterial district judge of this Commonwealth but which is commenced in any other tribunal of this Commonwealth shall be transferred by the other tribunal to the proper court or magisterial district of this Commonwealth where it shall be treated as if originally filed in the transferee court or magisterial district of this Commonwealth on the date when first filed in the other tribunal.

The proper tribunal for PCRA matters is the court of common pleas. *See* 42 Pa. C.S. § 9545(a) (providing that "[o]riginal jurisdiction over a proceeding under this subchapter shall be in the court of common pleas"); Pa. R. Crim. P. 901(B) (providing that "[a] proceeding for post-conviction collateral relief shall be initiated

---

[8] *See also Henry v. Wolf*, ___ A.3d ___ (Pa. Cmwlth., No. 416 M.D. 2019, filed June 23, 2021) (concluding that challenge to constitutionality of Section 1102(a) of Crimes Code must be brought under PCRA and transferring matter to appropriate court of common pleas).

by filing a petition and 3 copies with the clerk of the court in which the defendant was convicted and sentenced").[9]  In Dockery's case, the appropriate court is the Court of Common Pleas of Philadelphia County.

Accordingly, we sustain the preliminary objection filed by Governor Wolf and AG Shapiro asserting lack of jurisdiction, albeit on different grounds,[10] and we transfer the matter to the Court of Common Pleas of Philadelphia County, the court of record in which Dockery was convicted and sentenced.

_____

P. KEVIN BROBSON, President Judge

Judge Crompton did not participate in the decision of this case.

---

[9] As the Court lacks jurisdiction over this matter, we do not address the remaining preliminary objection brought by Governor Wolf and AG Shapiro.  Moreover, we note that our transfer of this matter to the Court of Common Pleas of Philadelphia County for consideration as an action under the PCRA may require that court to address additional issues, such as whether the matter is properly captioned, whether respondents are proper parties, whether the matter is timely for PCRA purposes, and whether all parties have been served.  Given this Court's lack of jurisdiction, however, we likewise are without the ability to address such issues.

[10] As explained above, the preliminary objection raised by Governor Wolf and AG Shapiro concerning lack of jurisdiction was premised upon their assertion that the Petition sought *habeas corpus* relief, and not PCRA relief.  We note that the parties did not have the benefit of *Moore*'s recent holding at the time they filed their preliminary objections for purposes of framing their jurisdictional argument.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Timothy Dockery,                :
            Petitioner    :
                       :
        v.               :    No. 518 M.D. 2019
                       :

Tom Wolf, Governor of        :
Pennsylvania, and Attorney   :
General and Josh Shapiro    :
of Pennsylvania, and        :
General Assembly,         :
           Respondents  :

# O R D E R

AND NOW, this 9th day of July, 2021, the preliminary objection raising lack of jurisdiction filed by Tom Wolf, Governor of Pennsylvania, and Josh Shapiro, Attorney General of Pennsylvania, is hereby SUSTAINED, and the Prothonotary is directed to transfer this matter to the Court of Common Pleas of Philadelphia County for further disposition. The Prothonotary shall certify a photocopy of the docket entries of the above matter to the Prothonotary of the Court of Common Pleas of Philadelphia County.

Jurisdiction relinquished.

_____
P. KEVIN BROBSON, President Judge