J-S07035-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                              :        PENNSYLVANIA
            v.                :
                              :
MICHAEL FERNSLER,             :
                              :
            Appellant         :        No. 1298 MDA 2016

Appeal from the PCRA Order July 14, 2016
in the Court of Common Pleas of Dauphin County,
Criminal Division, No(s): CP-22-CR-0002173-2006

BEFORE:  BOWES, LAZARUS and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:              **FILED APRIL 19, 2017**

Michael Fernsler ("Fernsler"), *pro se*, appeals from the Order dismissing his second Petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA").  **See** 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

In August 2007, Fernsler pled guilty to involuntary deviate sexual intercourse ("IDSI") and other sexual offenses, relating to his having forced four-year-old twin girls to perform oral sex on him.[1]  In January 2008, the trial court sentenced Fernsler to an aggregate prison term of 26-52 years.[2]

---

[1] We observe that, while he was out on bail and awaiting sentencing, Fernsler kidnapped and sexually assaulted a fourteen year-old girl, which resulted in additional convictions.  **See Commonwealth v. Fernsler**, 2013 Pa. Super. Unpub. LEXIS 777 (Pa. Super. 2013) (unpublished memorandum).

[2] The trial court imposed a sentence on the IDSI conviction of 20 to 40 years in prison, the statutory maximum permissible.  **See** 18 Pa.C.S.A. § 3123(d)(1).  Fernsler was not sentenced under any mandatory minimum sentencing provisions.

This Court affirmed the judgment of sentence. *See Commonwealth v. Fernsler*, 981 A.2d 918 (Pa. Super. 2009) (unpublished memorandum). Fernsler thereafter filed a Petition for allowance of appeal, *nunc pro tunc*, which the Supreme Court of Pennsylvania denied. *See Commonwealth v. Fernsler*, 2012 Pa. LEXIS 644 (Pa. 2012).

Fernsler filed his first PCRA Petition in May 2012, which the PCRA court later dismissed as being untimely filed. This Court affirmed the dismissal, after which the Supreme Court of Pennsylvania denied allowance of appeal. *See Commonwealth v. Fernsler*, 87 A.3d 385 (Pa. Super. 2013) (unpublished memorandum), *appeal denied*, 85 A.3d 482 (Pa. 2014).

On February 24, 2016, and later, on March 16, 2016, Fernsler filed identical *pro se* PCRA Petitions.[3] Fernsler thereafter filed a Memorandum to accompany his second PCRA Petition, as well as a request for appointed counsel, which the PCRA court denied. The PCRA court then issued a Pennsylvania Rule of Criminal Procedure 907 Notice of Intent to Dismiss the Petition without an evidentiary hearing, stating that the court lacked jurisdiction to address the Petition because it was untimely filed. Fernsler filed a *pro se* Response to the Rule 907 Notice. On July 14, 2016, the PCRA

---

[3] As these Petitions are identical, the PCRA court collectively treated them as Fernsler's second PCRA Petition. We do the same.

court dismissed Fernsler's Petition, after which Fernsler filed a timely *pro se* Notice of Appeal.[4]

On appeal, Fernsler presents the following questions for our review:

1. Whether the [PCRA] court erred in finding [Fernsler's] PCRA [Petition] as untimely where the United States Supreme Court in **Montgomery v. Louisiana**[, 136 S. Ct. 718 (2016),] held that any cases out of [the Supreme] Court that were substantive in nature were retroactively applicable to all the states[,] and in doing so[,] caused **Alleyne v. United States**, [133 S. Ct. 2151 (2013),] **Teague v. Lane**, [489 U.S. 288 (1989),] **Danforth v. Minnesota**, [552 U.S. 264 (2008),] and **Commonwealth v. Newman**[, 99 A.3d 86 (Pa. Super. 2014) (*en banc*),] to become retroactively applicable to [Fernsler?]

2. Whether the [PCRA] court erred in finding [Fernsler's] PCRA [Petition] as untimely where the United States Supreme Court in **Montgomery** [] held that any cases out of [the Supreme] Court that were substantive in nature were retroactively applicable to all the states[,] and [in] doing so[,] caused **Lafler v. Cooper**, [566 U.S. 156 (2012),] **Missouri v. Frye**, [566 U.S. 134 (2012),] **Ferri v. Ackerman**, [444 U.S. 193 (1979),] **Strickland v. Washington**, [466 U.S. 668 (1984),] **Franks v. Delaware**, [438 U.S. 154 (1978),] and **Illinois v. Gates**[, 462 U.S. 213 (1983),] dealing with ineffective assistance of counsel[,] to become retroactively applicable to [Fernsler?]

Brief for Appellant at vi (some capitalization omitted). As Fernsler's issues are related, we will address them simultaneously.

When reviewing an order dismissing a PCRA petition, we examine whether the determination of the PCRA court is supported by the record and free of legal error. **Commonwealth v. Miller**, 102 A.3d 988, 992 (Pa. Super. 2014). The merits of a PCRA petition cannot be addressed unless the PCRA court has jurisdiction. **Commonwealth v. Albrecht**, 994 A.2d 1091,

---

[4] The PCRA court did not order Fernsler to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal.

1093 (Pa. 2010). Jurisdiction does not exist if the PCRA petition is untimely filed. *Id.*

Any PCRA petition must be filed within one year of the date the judgment becomes final. 42 Pa.C.S.A. § 9545(b)(1). Here, Fernsler concedes that his instant PCRA is facially untimely, as it was filed over six years after August 2009, when his judgment of sentence became final.

However, Pennsylvania courts may consider an untimely petition if the appellant can explicitly plead and prove one of three exceptions set forth under 42 Pa.C.S.A. § 9545(b)(1)(i)(iii). Any PCRA petition invoking one of these exceptions "shall be filed within 60 days of the date the claim could have been presented." *Id.* § 9545(b)(2); *Albrecht*, 994 A.2d at 1094.

Here, Fernsler cites the United States Supreme Court's recent decision in *Montgomery*, *supra*,[5] and invokes the newly-recognized constitutional right exception at section 9545(b)(1)(iii). *See* Brief for Appellant at 1-3, 8. In *Montgomery*, the Court held, *inter alia*, that "when a new substantive rule of constitutional law controls the outcome of a case, the Constitution requires state collateral review courts to give retroactive effect to that rule." *Montgomery*, 136 S. Ct. at 729. In so ruling, the *Montgomery* Court concluded that the new substantive rule of constitutional law announced in *Miller v. Alabama*, 132 S. Ct. 2455 (2012) (holding that sentencing schemes that mandate life in prison without parole for defendants who

---

[5] Fernsler filed his instant PCRA Petition within 60 days of the *Montgomery* decision. *See* 42 Pa.C.S.A. § 9545(b)(2).

committed their crimes while under the age of eighteen violate the Eighth Amendment's prohibition on "cruel and unusual punishments," *id.* at 2460), applies retroactively. *Montgomery*, 136 S. Ct. at 736.

Here, Fernsler argues that *Montgomery* rendered retroactive the new constitutional right announced in United States Supreme Court's decision in *Alleyne v. United States*, 133 S. Ct. 2151 (2013) (holding that, under the Sixth Amendment's right to a jury trial, facts "that increase mandatory minimum sentences must be submitted to the jury" and found beyond a reasonable doubt." *Id.* at 2163).[6]

Initially, we observe that *Miller* is inapposite, as Fernsler was not (1) under the age of eighteen at the time of the crimes, or (2) sentenced to life in prison without parole. Contrary to Fernsler's claim, *Montgomery*, which discussed only the *Miller* case, did not retroactively apply a constitutional right applicable to Fernsler. Moreover, *Alleyne* is inapposite because, contrary to Fernsler's assertion, he was not sentenced under any mandatory minimum sentencing statute or provision that was rendered unconstitutional

---

[6] *Alleyne* rendered unconstitutional various Pennsylvania statutes that allow a judge to increase a defendant's sentence based on a preponderance of the evidence standard. *See*, *e.g.*, *Commonwealth v. Barnes*, 151 A.3d 121, 123-24 (Pa. 2016) (explaining *Alleyne's* implications and collecting cases).

by **Alleyne**.[7] In any event, our Pennsylvania Supreme Court has recently reiterated that **Alleyne** does not apply retroactively on post-conviction collateral review. **See Commonwealth v. Washington**, 142 A.3d 810, 811 (Pa. 2016).

In his related second issue, Fernsler contends that **Montgomery** rendered retroactive the United States Supreme Court's decisions concerning ineffective assistance of counsel (**see**, **e.g.**, **Lafler**, **supra**; **Strickland**, **supra**), and Fernsler thus should be entitled to argue that his trial counsel was ineffective. Brief for Appellant at 8; **see also id.** at 9-13 (detailing Fernsler's ineffectiveness claims).

"[I]t is well established that the fact that a petitioner's claims are couched in terms of ineffectiveness will not save an otherwise untimely petition from the application of the time restrictions of the PCRA." **Commonwealth v. Edmiston**, 65 A.3d 339, 349 (Pa. 2013) (citation omitted). As stated above, Fernsler's instant PCRA Petition is facially untimely. Moreover, we conclude that he has failed to meet the requirements of the newly-recognized constitutional right exception, and

---

[7] Fernsler does not cite to any sentencing statute under which he was purportedly sentenced. However, even if the trial court had imposed a mandatory minimum sentence, Fernsler's second PCRA Petition was filed well over sixty days after June 17, 2013, the date that **Alleyne** was decided. **See** 42 Pa.C.S.A. § 9545(b)(2); **see also Commonwealth v. Boyd**, 923 A.2d 513, 517 (Pa. Super. 2007) (stating that "[w]ith regard to [a newly]-recognized constitutional right, this Court has held that the sixty-day period begins to run upon the date of the underlying judicial decision.").

***Montgomery*** is unavailing. Therefore, Fernsler's ineffectiveness claims do not entitle him to relief. ***Id.***

Accordingly, the PCRA court properly dismissed Fernsler's second PCRA Petition as being untimely.

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/19/2017