OPINION BY STRASSBURGER, J.: Tanya Napold (Appellant) appeals from the July 19, 2016 ’judgment of sentence imposed following her conviction for driving under the influence — general impairment (DUI). We affirm. The trial court set forth the following findings of fact after Appellant’s bench trial. Pittsburgh Police Officer, Zachary Vozza, was working the “midnight shift” on Monday, April, 20, 2015, when he received'a call for a suspicious vehicle parked in a driveway with the music blaring. Upon responding to the call and approaching the vehicle, Officer Vozza .observed a vehicle running, parked sideways on the left side of the driveway, with the music blaring and a female passed out at the wheel. Officer Vozza then tried to make contact with the driver. Officer Vozza opened the door to turn down the music and attempted to make contact with the driver to ensure her safety. Officer Vozza identified the driver of the vehicle as [Appellant]. Upon engaging with [Appellant], Officer Vozza noticed the driver had slurred speech, was mumbling and had bloodshot, glassy eyes. Additionally, Officer Vozza noted a moderate odor of alcohol coming from her breath when speaking with her. It was determined that [Appellant]- did not reside at the residence where she was parked in the driveway. Officer Vozza attempted to have [Appellant] step out of the vehicle. However [Appellant] tried to shut the car door on him. Officer Vozza then attempted to remove [Appellant] from- the vehicle. However [Appellant] was unable to stand and fell to the ground. Prior to Officer Vozza removing [Appellant] from the vehicle, [Appellant] vomited in the car and all over herself. Officer Vozza attempted to perform standardized, field sobriety tests on [Appellant], However the tests were not performed after it became clear to Officer Vozza that [Appellant] would be unable to d<? so and testing was stopped for her safety. [Appellant] was read her DL-26[1] warnings and refused the blood draw. Trial Court Opinion, 3/2/2016, at 2-3. Based on this incident, Appellant was charged with two counts of driving under the influence pursuant to 75 Pa.C.S. § 3802(a)(1), one count for general impairment and one count for general impairment with refusal. A bench trial occurred on April 1, 2016, and Appellant was found guilty of violating both counts of 75 Pa.C.S. § 3802(a)(1). A sentencing hearing was held on July 19, 2016. At that hearing, counsel for Appellant argued as a motion for extraordinary relief 'that pursuant to the United States Supreme Court decision in Birchfield v. North Dakota, — U.S. -, 136 S.Ct. 2160, 195 L.Ed.2d 560 (2016),[2] the trial court should “set aside the verdict at [the refusal] count and' dismiss that charge.” N.T., 7/19/2016, at 3. The Commonwealth did not object, and the trial court dismissed that charge. Appellant was then, sentenced to six months’ probation for the general impairment count, which is the mandatory minimum sentence for a first DUI without refusal.[3] Appellant filed a post-sentence motion challenging both the weight of the evidence and the sufficiency of the evidence to sustain her conviction. That motion was denied by operation of law on January 10, 2017. Appellant timely filed, a notice ■ of appeal. The trial court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925, Appellant complied, raising the same issues presented in her post-sentence motion. Subsequently, Appellant filed a motion to amend her concise statement based on our Supreme Court’s grant of allocatur in Commonwealth v. Carley, 141 A.3d 1287 (Pa. Super. 2016).[4] Appellant’s motion was granted and an amended concise statement was filed, which added the following issue: “[Appellant] alleges that [the trial court] erred in considering the refusal to submit to blood testing as evidence of the defendant’s consciousness of guilt.” Concise Statement, 2/7/2017, at ¶ 10. On appeal, Appellant sets forth one issue for our review: “Whether the trial court erred when it considered the refusal to submit to a blood test as substantive evidence in violation of her constitutional rights[.]” Appellant’s Brief at 3. Appellant recognizes that she did not raise this issue in the trial court, but argues that because Birchfield was not decided until after trial, “the matter was not at issue at the time of trial, and [Appellant] is entitled to the protection of the rule on appeal.” Id. at 10. Before we reach the merits of this issue, we must determine whether it has been preserved for our review. It is well-settled that “[i]ssues not raised in the lower court are waived and cannot be raised for the first time on appeal.” Pa. R.A.P. 302(a). The decision in Birchfield announced a new criminal rule. When a United States Supreme Court decision “results in a ‘new rule,’ that rule applies to all criminal cases still pending on direct review.” Schriro v. Summerlin, 542 U.S. 348, 351, 124 S.Ct. 2519, 159 L.Ed.2d 442 (2004) (citing Griffith v. Kentucky, 479 U.S. 314, 328, 107 S.Ct. 708, 93 L.Ed.2d 649 (1987)). “Case law is clear, however, that in order for a new rule of law to apply retroactively to a case pending on direct appeal, the issue had to be preserved at all stages of adjudication up to and including the direct appeal.”[5] Commonwealth v. Tilley, 566 Pa. 312, 780 A.2d 649, 652 (2001) (internal citations and quotation marks omitted); see also Commonwealth v. Newman, 99 A.3d 86, 90 (Pa. Super. 2014) (en banc) (“To be entitled to retroactive application of a new constitutional rule, a defendant must have raised and preserved the issue in the court below.”). Thus, in order to challenge the admissibility of Officer'Vozza’s testimony at this juncture, Appellant would have had to have filed a motion in limine to prohibit the testimony prior to trial or to have objected to this testimony during trial. Since neither occurred, we must find the issue waived. See Tilley .[6] Judgment of sentence affirmed. Judge Bowes files a concurring opinion. PJE Bender files a concurring statement in which Judge Strassburger joins. . The DL-26 form contains warnings of the potential consequences of an individual’s refusal to consent to a blood test, including that the individual’s license could be suspended for at least one year, and that, if convicted of violating 75 Pa.C.S. § 3802(a), the individual will face more severe penalties because of the refusal. . "In Birchfield, the Supreme Court of the United States held that police can compel a driver to give a breath sample without a warrant; however, police cannot compel a driver to provide a blood sample without first obtaining a search warrant except in certain limited circumstances." Commonwealth v. Giron, 155 A.3d 635, 640 (Pa. Super. 2017). . See 75 Pa.C.s! § 3804(a)(l)(i). . In Carley, this Court held that an "appellant did not have a constitutional right to refuse to consent to chemical testing.” 141 A.3d at 1291. Our Supreme Court granted allocatur limited to the following issue: When a defendant, following an arrest for DUI, refuses to provide blood for the purposes of chemical testing, is enhanced criminal punishment under 75 Pa.C.S. § 3803(b)(4) and 75 Pa.C.S. § 3804(c) constitutional, when such refusal constitutes the right to refuse a warrantless search, such right provided by the Fourth Amendment to the Constitution of the United States of America? Commonwealth v. Carley, 2017 WL 203678, at 1 (Pa. Jan. 18, 2017) (per curiam). The Supreme Court remanded the case to this Court to reconsider this issue in light of Birchfield. . ‘‘[A]n exception to the issue-preservation requirement exists where the challenge is one implicating the legality of the appellant’s sentence," Commonwealth v. Barnes, 151 A.3d 121, 124 (Pa. 2016) (citation omitted). Here, although Appellant was convicted of DUI— general impairment with refusal, that conviction was set aside and she was not sentenced on it. . Appellant has abandoned her weight-of-the-evidence and sufficiency-of-the-evidence claims on appeal.