J-A22036-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ALLEN PIPPEN | : | |
| | : | No. 2112 EDA 2016 |
| Appellant | | |

Appeal from the Judgment of Sentence June 13, 2016
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0009346-2014

BEFORE:   BOWES, J., LAZARUS, J., and PLATT*, J.

CONCURRING/DISSENTING MEMORANDUM BY LAZARUS, J.:

**FILED OCTOBER 31, 2017**

I join in the majority's disposition of Pippen's compulsory joinder issue; we are bound by our en banc decision in **Perfetto**. I respectfully dissent, however, from the majority's determination that Pippen waived his **Birchfield** claim.[1]  I believe that the issue implicates the legality of Pippen's sentence and, therefore, is non-waivable.

---

[1] Moreover, to the extent that the majority relies upon **Commonwealth v. Grays**, 2017 PA Super 245 (Pa. Super. 2017), to support its waiver analysis, I would note that the factual circumstances underlying the blood draw in that case are significantly different than those in the instant matter.  In **Grays**, the defendant filed a motion to suppress his pre-arrest BAC from blood drawn by order of his treating physician at the local hospital's emergency room.  There, the defendant argued that the medical records had been obtained pursuant to an improperly issued and served subpoena, in violation of the doctor-patient privilege, not as a result of implied consent laws.  In fact, the trial court

---

\*   Retired Senior Judge assigned to the Superior Court.

It is well established that "an exception to the issue-preservation requirement exists where the challenge is one implicating the legality of the appellant's sentence." **Commonwealth v. Barnes**, 151 A.3d 121, 124 (Pa. 2016). Here, Pippen was arrested for suspected DUI and taken to the police station. When he arrived at the station, he was read his implied consent/**O'Connell**[2] warnings prior to having his blood drawn. **See** N.T. Suppression Motion Hearing, 5/2/14, at 30. Pursuant to **Birchfield,** the voluntariness of Pippen's consent was potentially compromised and, thus, a violation of his constitutional rights against unlawful searches and seizures. Accordingly, I would vacate Pippen's judgment of sentence and remand the case for a re-evaluation of Pippen's purported consent. **See Commonwealth v. Evans**, 153 A.3d 323 (Pa. Super 2016); **see also Commonwealth v. Giron**, 155 A.3d 635 (Pa. Super. 2017) (where defendant refused to read and sign DL-26/**O'Connell** warnings or give consent to have blood drawn, and was subjected to enhanced DUI penalties, court *sua sponte* deemed sentence illegal despite fact that defendant never raised **Birchfield**).[3]

---

actually suppressed the defendant's post-arrest BAC from blood drawn at the arresting officer's request. Thus, any discussion regarding **Birchfield** and waiver under the instant circumstances is inapplicable to Pippen's case.

[2] **Commonwealth v. O'Connell**, 555 A.2d 873 (Pa. 1989).

[3] I also take issue with the unreasonable expectation placed on criminal defense attorneys in cases finding waiver under these circumstances. "[T]rial counsel cannot be held ineffective for failing to anticipate a change in the law." **Commonwealth v. Cox**, 983 A.2d 666, 702 (Pa. 2009). Here, the issue of

_____

blood draws in DUI cases was not granted review by the United States Supreme Court in **Birchfield** until December 11, 2015 – more than two years *after* Pippen was arrested and his blood was drawn, nineteen months *after* Pippen's motion to suppress was decided and he was found guilty of section 3802(d)(3) in the Municipal Court, and almost four months *after* Pippen filed an appeal for a trial *de novo* in the Court of Common Pleas.

_____

\*    Retired Senior Judge assigned to the Superior Court.