J-S81028-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| MATTHEW JAMES BONILLA | |
| Appellant | No. 853 MDA 2017 |

Appeal from the PCRA Order Entered May 9, 2017
In the Court of Common Pleas of Lackawanna County
Criminal Division at No: CP-35-CR-0003272-2009

BEFORE: PANELLA, STABILE, and PLATT,[*] JJ.

MEMORANDUM BY STABILE, J. **FILED FEBRUARY 06, 2018**

Appellant, Matthew Bonilla, appeals *pro se* from the May 9, 2017 order dismissing his petition pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. We affirm.

On March 24, 2011, the trial court imposed an aggregate 13 to 26 years of incarceration for involuntary deviate sexual intercourse (IDSI), aggravated indecent assault, incest, endangering the welfare of a minor, corruption of a minor, and indecent assault. The court also required Appellant to register for life as a sexual offender. The victim was Appellant's daughter. She was 11 years old at the time of the offenses. This Court affirmed the judgment of sentence on October 11 2012. Appellant did not seek allowance of appeal

_____

[*] Retired Senior Judge assigned to the Superior Court.

from our Supreme Court. Appellant filed his first timely PCRA petition on March 20, 2013. The PCRA court denied relief on August 15, 2013 and this Court affirmed the denial of relief on March 14, 2014.

Appellant filed the instant *pro se* petition, his second, on March 27, 2017. In the order on appeal, the PCRA court dismissed the petition as untimely. This timely appeal followed. Before we consider the merits, we must consider whether Appellant's petition is timely. The PCRA's jurisdictional time limits require that a petitioner file his petition within one year of the finality of the judgment of sentence. 42 Pa.C.S.A. § 9545(b)(1); ***Commonwealth v. Albrecht***, 994 A.2d 1091, 1093 (Pa. 2010). Appellant's judgment of sentence became final on November 10, 2012, or thirty days after this Court affirmed his judgment of sentence. Therefore, he had until November 10, 2013 to file a timely PCRA petition. The instant petition is therefore facially untimely.

In order to avoid the PCRA time bar, Appellant must plead and prove one of the PCRA's timeliness exceptions. 42 Pa.C.S.A. § 9545(b)(1)(i-iii); ***Albrecht***, 994 A.2d at 1093. The PCRA requires that any petition filed pursuant to a timeliness exception be filed within 60 days of the first date on which the petitioner could have raised the claim. 42 Pa.C.S.A. § 9545(b)(2). Here, Appellant alleges, "the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court

of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively." 42 Pa.C.S.A. § 9545(b)(iii).

Appellant cites *Commonwealth v. Barnes*, 151 A.3d 121 (Pa. 2016), in which our Supreme Court held that a five-year mandatory minimum sentence based on constructive possession is an illegal sentence under *Alleyne v. United States*, 133 S. Ct. 2151 (2013). *Barnes* was decided on December 28, 2016. Appellant's March 27, 2017 petition does not meet the 60-day requirement of § 9545(b)(2). In any event, *Barnes* was a direct appeal and it is factually and legally inapposite.

Appellant also relies on *Commonwealth v. Burton*, 158 A.3d 618 (Pa. 2017), decided on March 28, 2017, one day after Appellant filed his petition. In *Burton*, the Supreme Court remanded for a determination of whether facts of public record were unknown to a *pro se* petitioner, such that the petitioner could avail himself of the timeliness exception of § 9545(b)(1)(ii). Appellant fails to explain how *Burton* is relevant here.

Finally, Appellant cites *Commonwealth v. Muniz*, 164 A.2d 1189 (Pa. 2017), in which our Supreme Court held that retroactive application of SORNA registration requirements violated the *ex post facto* clauses of the federal and state constitutions. Appellant's sentence pre-dated SORNA, and SORNA did not affect his lifetime registration requirement under then-extant Megan's law. *Muniz* therefore does not apply here.

Given the foregoing, Appellant has filed a facially untimely PCRA petition and he has failed to plead and prove the applicability of any timeliness exception. We therefore affirm the PCRA court's order.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 02/06/2018