[J-52-2017] [MO: Mundy, J.]

**IN THE SUPREME COURT OF PENNSYLVANIA**
**MIDDLE DISTRICT**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | No. 10 MAP 2017 |
| | : | |
| Appellant | : | Appeal from the Order of the Superior |
| | : | Court at No. 2820 EDA 2015 dated July |
| | : | 25, 2016, reconsideration denied |
| v. | : | September 22, 2016, Reversing the |
| | : | PCRA Order, Vacating the Judgment of |
| | : | Sentence and remanding for |
| PHILLIP DIMATTEO, | : | resentencing of the Chester County |
| | : | Court of Common Pleas, Criminal |
| Appellee | : | Division, dated August 24, 2015 at No. |
| | : | CP-15-CR-4033-2011. |
| | : | |
| | : | SUBMITTED: June 16, 2017 |

## CONCURRING OPINION

**JUSTICE BAER**                                         **DECIDED: January 18, 2018**

The aggregate sentence received by Appellee Phillip DiMatteo ("DiMatteo") included mandatory minimum terms of imprisonment pursuant to 18 Pa.C.S. § 7508, which, as the Majority explains, "prescribes various mandatory minimum sentences for certain violations of the Controlled Substance, Drug, Device and Cosmetic Act . . . predicated on the weight and classification of the controlled substance." Majority Opinion at 2. By way of a timely-filed petition brought under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546, DiMatteo challenges the legality of his mandatory minimum sentences, claiming that the United States Supreme Court's decision in *Alleyne v. United States*, 570 U.S. 99 (2013), renders Section 7508 unconstitutional. The PCRA court denied the petition, but the Superior Court reversed, holding that DiMatteo's mandatory minimum sentences are illegal. In terms of relief, the

Superior Court vacated DiMatteo's judgment of sentence and remanded for resentencing.

This Court granted allowance of appeal to examine several aspects of DiMatteo's sentencing claim and its relationship to the PCRA. The Majority affirms the Superior Court's judgment. I agree with the Majority Opinion to the extent that it holds that: (1) a claim challenging the legality of a sentence is cognizable under the PCRA; (2) *Alleyne* renders Section 7508 unconstitutional; (3) because DiMatteo had not exhausted his right to appeal his judgment of sentence when the Supreme Court decided *Alleyne*, that change in the law is available to DiMatteo and renders his sentence illegal; and (4) the appropriate relief for DiMatteo's illegal sentence is for the trial court to resentence him without application of Section 7508. I write separately because, *inter alia*, I believe the Court should address, even if only briefly, why *Alleyne* renders Section 7508 unconstitutional and because the manner in which I would have disposed of this matter differs from that of the Majority, particularly with regard to the relief due to DiMatteo. I set forth my reasoning as follows.

As to the first holding noted above, under Section 9542 of the PCRA, the Legislature defined the scope of the PCRA by clearly and unambiguously explaining that it provides for an action by which a person serving an illegal sentence may obtain collateral relief. 42 Pa.C.S. § 9542. Yet, to be eligible for PCRA relief, a petitioner must plead and prove that his conviction or sentence resulted from one or more of the circumstances delineated under Subsection 9543(a)(2) of the PCRA. 42 Pa.C.S § 9543(a)(2). The only circumstance listed under that subsection which directly involves the legality of sentences is contained in Subsection 9543(a)(2)(vii). This subsection states that, to be eligible for PCRA relief, the petitioner must plead and prove that he received a sentence greater than the lawful maximum. 42 Pa.C.S. § 9543(a)(2)(vii).

As the Majority seems to suggest, when the Legislature enacted the PCRA, DiMatteo's sentencing claim did not exist, and the traditional understanding of an illegal sentence was one that exceeded the lawful maximum. Majority Opinion at 17. Indeed, as the Majority points out, this Court only recently held that, when a defendant attacks the propriety of his mandatory minimum sentence based upon *Alleyne,* he presents a non-waiveable challenge to the legality of his sentence. *See id.* (explaining *Commonwealth v. Barnes*, 151 A.3d 121 (Pa. 2016)). When this evolution in the law is coupled with the facts that: (1) this Court has long held that the legality of a sentence falls under the purview of the PCRA, Majority Opinion at 17 (quoting *Commonwealth v. Fahy*, 737 A.2d 214, 223 (Pa. 1999)); and (2) the PCRA represents the sole means by which to obtain collateral relief in this Commonwealth, 42 Pa.C.S. § 9542, I believe it is proper to conclude that a claim generally challenging the legality of a sentence is cognizable under the PCRA and gives rise to a petitioner's eligibility for PCRA relief.

I next turn my attention to *Alleyne*'s impact on Section 7508. In *Alleyne,* the United States Supreme Court established a new constitutional rule of law consistent with the Sixth Amendment of the United States Constitution. *Commonwealth v. Wolfe*, 140 A.3d 651, 653 (Pa. 2016). Specifically, "[t]he *Alleyne* Court held that any fact that, by law, increases the penalty for a crime must be treated as an element of the offense, submitted to a jury rather than a judge, and found beyond a reasonable doubt." *Id.* Several aspects of Section 7508 violate the rule announced in *Alleyne.* In particular, Section 7508 states that the provisions of the statute are not an element of the crime and that the Commonwealth is not required to provide pre-conviction notice of the statute's applicability to defendants. 18 Pa.C.S. § 7508(b). Further, Section 7508 requires judicial fact-finding regarding the weight of controlled substances, and the section mandates that the weight of controlled substances needs to be established only

by a preponderance of the evidence, rather than by a reasonable doubt. *Id.* This Court has found that this combination of directives violates *Alleyne*. *Wolfe*, *supra*. Accordingly, *Alleyne* renders Section 7508 unconstitutional.

Next, the question remains whether DiMatteo can benefit from *Alleyne* given that, in *Commonwealth v. Washington*, 142 A.3d 810, 820 (Pa. 2016), this Court held that "*Alleyne* does not apply retroactively to cases pending on collateral review[.]" I agree with the Majority that *Washington* does not apply to DiMatteo's circumstances because, unlike the situation at issue in *Washington*, DiMatteo is not seeking to apply *Alleyne* retroactively by way of collateral review. Instead, he is seeking PCRA relief for a sentencing claim that was available to him on direct review.[1]

More specifically, it is a well-settled principle of criminal law that "a judgment is not final until the availability of appeal has been exhausted, and any judicial changes in the law are applicable to a case prior to final judgment." *Commonwealth v. Lee*, 368 A.2d 690, 692 (Pa. 1977). Here, the Supreme Court decided *Alleyne* on June 17, 2013, and DiMatteo's "judgment" did not become final until July 12, 2013, *i.e.*, 30 days after the trial court denied his timely-filed post-sentence motion. Pa.R.Crim.P. 720(A)(2)(a). Because a direct appeal of DiMatteo's judgment of sentence still was available to him when the High Court decided *Alleyne*, that change in the law is applicable to DiMatteo's case. Accordingly, *Alleyne* renders illegal the sentences DiMatteo received pursuant to 42 Pa.C.S. § 7508.

---

[1] Generally speaking, for purposes of the PCRA, an issue is waived if the petitioner could have raised it during trial or on direct appeal from his judgment of sentence. 42 Pa.C.S. § 9544(b). However, as explained above, when a defendant attacks the propriety of his mandatory minimum sentence based upon *Alleyne*, he presents a non-waiveable challenge to the legality of his sentence. *Barnes*, *supra*.

Lastly, this appeal requires the Court to consider what form of relief DiMatteo should receive to remedy his illegal sentences.[2] It is useful to review *Wolfe* briefly for guidance as to the appropriate relief in this case. Wolfe appealed his judgment of sentence to the Superior Court. *Commonwealth v. Wolfe*, 106 A.3d 800 (Pa. Super. 2014). His sentence included a mandatory minimum term of imprisonment pursuant to 42 Pa.C.S. § 9718(a)(1). The Superior Court determined that *Alleyne* rendered Wolfe's mandatory minimum sentence illegal. In terms of relief, the court vacated Wolfe's judgment of sentence and remanded the case to the trial court for resentencing without application of Subsection 9718(a)(1). *Id.* at 806. This Court ultimately agreed with the Superior Court's determination that *Alleyne* rendered Wolfe's sentence illegal. *Wolfe*, 140 A.3d 651. After reaching this conclusion, the Court affirmed the Superior Court's disposition and, thus, tacitly approved of the relief that the Superior Court provided to Wolfe. *Id.* at 663.

In the present matter, the Superior Court provided DiMatteo with the same relief that it afforded Wolfe; yet, the Commonwealth argues that such relief is inappropriate in this case. According to the Commonwealth, DiMatteo and the Commonwealth entered into a plea agreement. The Commonwealth concedes that the parties did not negotiate a particularized sentence. However, the Commonwealth states that, as part of the agreement, it withdrew 349 counts with which DiMatteo had been charged. The Commonwealth asserts, "This decision and agreement was premised in part on the mandatory sentences that applied to the counts to which [DiMatteo] pled guilty." Commonwealth's Brief at 27. The Commonwealth takes the position that, if this Court

---

[2] The PCRA provides courts with a variety of remedies for meritorious claims. *See* 42 Pa.C.S. § 9546(a) ("If the court rules in favor of the petitioner, it shall order appropriate relief and issue supplementary orders as to rearraignment, retrial, custody, bail, discharge, correction of sentence or other matters that are necessary and proper.").

concludes that DiMatteo's sentence is illegal, then the Commonwealth will be deprived of the benefit of its bargain. The Commonwealth suggests that the appropriate remedy for DiMatteo's illegal sentences is "to vacate the entire plea and remand for trial on all the original charges." *Id.* at 34. Notably, the Commonwealth fails to cite to any portion of the certified record to support its position that there existed a *quid pro quo* regarding the Commonwealth's withdrawal of charges in exchange for DiMatteo pleading guilty to the remaining counts mandating a minimum period of incarceration.

DiMatteo argues, *inter alia*, that the Commonwealth's position is not supported by the record. DiMatteo's Brief at 22. As a general matter, DiMatteo posits that there was no plea agreement in this case. Rather, according to DiMatteo, he entered an open plea of guilty, which was approved by the trial court. *Id.* at 23 (citing Pa.R.Crim.P. 590(A) (explaining that a defendant may plead guilty with the consent of the judge and that the judge can accept the plea after determining, on the record, that the plea is being tendered voluntarily and understandingly)). DiMatteo also points out that his written plea colloquy: (1) specifically advised him that he could challenge the legality of his sentence on appeal; and (2) indicated that the parties did not enter a plea agreement. Similarly, he maintains that, during his sentencing hearing, the court informed him that he could challenge his sentence on appeal. *Id.* (citing N.T., 2/6/2013, at 55).

DiMatteo further contends that the record does not support the Commonwealth's suggestion that "the on the record guilty plea was in reality premised in part on an unstated agreement to receive mandatory sentences (that could not be challenged on appeal), with the Commonwealth also agreeing to drop some charges." *Id.* at 24. DiMatteo insists that "[t]here is no evidence that any charges were dropped as part of an agreement." *Id.* at 25 (emphasis in original). For these reasons, DiMatteo

advocates that this Court should affirm the Superior Court's disposition of this matter and remand the case for resentencing without consideration of Section 7508.

DiMatteo's account of the record is accurate. DiMatteo's written guilty plea colloquy confirms that the parties did not enter a plea agreement; rather, DiMatteo tendered an open plea of guilty. Guilty Plea Colloquy, 11/20/2012, at 3. Moreover, that written colloquy contemplated that DiMatteo could challenge the propriety of the sentence that the trial court eventually would impose. *Id.* at 7-8. In addition, during his sentencing hearing, the trial court specifically informed DiMatteo that he could challenge his sentence in a post-sentence motion or on appeal. N.T., 2/6/2013, at 54-57. Lastly, as noted above, the Commonwealth fails to cite to anything in the record to support its contention that it withdrew some of DiMatteo's charges in exchange for DiMatteo receiving mandatory minimum sentences, and my independent review of the record did not produce support for the Commonwealth's position. In fact, it appears that the Commonwealth withdrew some of DiMatteo's charges for administrative convenience. *See* Commonwealth's Sentencing Memorandum, 2/5/2013, at 7 ("In order to save on paperwork yet continue to reflect the nature and extent of defendant's crime, the Commonwealth reduced the number of counts to which the defendant would plead guilty from 111 Counts to 55 Counts."). Accordingly, I agree with the Majority's decision to provide DiMatteo relief in the form a new sentencing hearing without consideration of Section 7508.

For all of these reasons, like the Majority, I conclude that the Court should affirm the Superior Court's judgment, which reversed the PCRA court's order, vacated DiMatteo's judgment of sentence, and remanded for resentencing without consideration of Section 7508.

Justices Todd and Wecht join this concurring opinion.