J-S48003-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| STEPHEN STEPHEN SMITH | : | |
| | : | |
| Appellant | : | No. 168 MDA 2017 |

Appeal from the Judgment of Sentence December 19, 2016
In the Court of Common Pleas of Schuylkill County
Criminal Division at No(s):  CP-54-CR-0000996-2011

BEFORE:   OTT, J., STABILE, J., and PLATT, J.[*]

MEMORANDUM BY OTT, J.:                     **FILED MAY 03, 2018**

Stephen Stephen Smith appeals from the judgment of sentence imposed on December 19, 2016, in the Court of Common Pleas of Schuylkill County, to serve an aggregate term of five to ten years' imprisonment and to pay fines totaling $40,000.00. This matter has been returned to this Court following remand for an evidentiary hearing on the question of the timeliness of this appeal.  As the trial court determined that the appeal is timely, we now address Smith's sole claim, namely, that the trial court "err[ed] and commit[ed] an abuse of discretion when it imposed an excessive fine . . . with no indication as to whether Smith could pay that fine."  Smith's Brief at 4. Because we find the trial court imposed an illegal sentence, namely, unlawful

_____

[*] Retired Senior Judge assigned to the Superior Court.

mandatory minimum fines, we vacate the judgment of sentence only as to the fines imposed at Counts 1 and 2, and remand for resentencing.

The procedural history of this case was summarized in our earlier decision in this appeal:

> On October 24, 2012, a jury found Smith guilty of ten drug charges.[1] Thereafter, on December 7, 2012, Smith was sentenced to an aggregate term of 8 to 16 years' imprisonment, and to pay $40,000.00 in fines, which included mandatory minimum sentences and fines pursuant to 18 Pa.C.S. § 7508(a)(2)(i) and (ii). On direct appeal, this Court affirmed the judgment of sentence. *See Commonwealth v. Smith*, 87 A.3d 394 (Pa. Super. September 27, 2013) (unpublished memorandum), *appeal denied,* 87 A.3d 319 (Pa. March 5, 2014).
>
> > [1] The charges included four counts of possession with intent to deliver (PWID) controlled substances under 35 P.S. § 780-113(a)(30); four counts of possession under 35 P.S. § 780-113(a)(16); one count of possession of a small amount of marijuana under 35 P.S. § 780-113(a)(31); and one count of possession of drug paraphernalia under 35 P.S. § 780-113(a)(32).
>
> While Smith's direct appeal was proceeding, the United States Supreme Court decided *Alleyne v. United States*, 133 S. Ct. 2151 (2013), holding "Any fact that, by law, increases the penalty for a crime is an 'element' that must be submitted to the jury and found beyond a reasonable doubt." *Id.* at 2155. The following year, this Court held that Section 7508 is "unconstitutional in its entirety" in light of *Alleyne*. *Commonwealth v. Vargas*, 108 A.3d 858, 876 (Pa. Super. 2014) (*en banc*), *appeal denied*, 121 A.3d 496 (Pa. 2015); *see also Commonwealth v. Fennell*, 105 A.3d 13 (Pa. Super. 2014), *appeal denied*, 121 A.3d 494 (Pa. 2015); *Commonwealth v. Valentine*, 101 A.3d 801 (Pa. Super. 2014), *appeal denied*, 124 A.3d 309 (Pa. 2015). Additionally, this Court has held that if a defendant's case was pending on direct appeal when *Alleyne* was handed down, that defendant is entitled to the benefit of the holding in *Alleyne*. *See Commonwealth v. Newman*, 99 A.3d 86, 90 (Pa. Super. 2014) (*en banc*), appeal denied, 121 A.3d 496

(Pa. 2015); *see also Commonwealth v. Ruiz*, 131 A.2d 54 (Pa. Super. 2015).

Subsequent to his direct appeal, Smith filed a timely PCRA[2] petition and obtained a hearing before the PCRA court. Thereafter, on May 14, 2015, the PCRA court denied Smith's petition but, based on *Alleyne*, granted relief concerning the mandatory sentences at Count 1 and Count 2 that were imposed pursuant to Section 7508, and scheduled the matter for resentencing. *See* Order, 5/14/2015, *citing Fennel, supra*, and *Valentine, supra*. *See also* PCRA Court Opinion, 5/20/2015, at 7-8.

[2] Post Conviction Relief Act, 42 Pa.C.S. §§ 9541-9546.

On June 5, 2015, Smith appealed the denial of PCRA relief. This Court affirmed, and the Pennsylvania Supreme Court denied allowance of appeal. *Commonwealth v. Smith*, 141 A.3d 592 (Pa. Super. 2016), *appeal denied*, 141 A.3d 480 (Pa. 2016). Thereafter, the trial court resentenced Smith on December 19, 2016. Specifically, the trial court sentenced Smith to serve an aggregate term of five to ten years' imprisonment and to pay fines totaling $40,000.00. This appeal followed.[3]

[3] On January 25, 2017, the trial court issued a Pa.R.A.P. 1925(b) order, and Smith filed a *pro se* concise statement that was hand dated February 14, 2017, and docketed on February 21, 2017. Smith's counsel filed a concise statement on March 20, 2017, after the trial court granted counsel's motion for extension of time.

*Commonwealth v. Smith*, 175 A.3d 1099 (Pa. Super. 2017) (unpublished memorandum, at 1-3).

As mentioned above, we previously remanded this case to the trial court to determine whether Smith's appeal was timely under the prisoner mailbox rule. Pursuant to that rule, a *pro se* prisoner's document is deemed filed on the date he delivers it to prison authorities for mailing. *Commonwealth v.*

***Jones,*** 700 A.2d 423, 426 (Pa. 1997). ***See also Commonwealth v. Cooper***, 710 A.2d 76, 78 (Pa. Super. 1998) ("[F]or prisoners proceeding *pro se*, a notice is deemed filed as of the date it is deposited in the prison mail system."). The trial court held an evidentiary hearing and determined that Smith mailed his notice of appeal from prison within the 30-day appeal period.[1,2] ***See*** Order, 11/17/2017, ***see also*** Trial Court Opinion, 11/17/2017. Therefore, we turn to examine the substantive issue raised by Smith in this appeal.

Preliminarily, it is important to highlight certain points. First, the record reflects that in resentencing Smith the trial court imposed fines collectively amounting to $40,000.00, *i.e.*, a $30,000.00 fine at Count 1, and a $10,000.00 fine at Count 2. Second, even though the PCRA court vacated the

---

[1] After the trial court made its determination, and the certified record was returned to this Court, trial counsel, on January 2, 2018, filed an application for remand and for withdrawal of counsel and appointment of private counsel. On January 10, 2018, this Court granted the application in part, and denied the application in part. This Court directed the trial court to appoint substitute counsel for Smith within 20 days of the date of the order and notify the Prothonotary of this Court within 10 days of the appointment, and denied the request for remand. ***See*** Order, 1/10/2018. New counsel entered his appearance on February 28, 2018.

[2] Also on January 2, 2018, appointed counsel filed an application to amend the Statement of Matters Complained of on Appeal. Specifically, the counseled concise statement raises the following issue: "The trial court erred and committed an abuse of discretion when it imposed an excessive fine of $10,000.00 and ordered [Smith] to pay the prosecution and court costs." Concise Statement, 3/20/2017. This Court denied the application without prejudice for new counsel to request amendment. ***See*** Order, 1/10/2018. New counsel has not filed a request to amend the concise statement.

sentences imposed at Counts 1 and 2 as illegal, the trial court ordered Smith to pay the **same** amount of fines as had been originally imposed, and specifically referenced its original fine with respect to Count 1. Third, the trial court's opinion explicitly states these fines were imposed pursuant to 18 Pa.C.S. § 7508.[3] Fourth, Section 7508 has been held unconstitutional in its

_____

[3] Section 7508 provides, in relevant part:

**(2)** A person who is convicted of violating section 13(a)(14), (30) or (37) of The Controlled Substance, Drug, Device and Cosmetic Act where the controlled substance or a mixture containing it is classified in Schedule I or Schedule II under section 4 of that act and is a narcotic drug shall, upon conviction, be sentenced to a mandatory minimum term of imprisonment and a fine as set forth in this subsection:

**(i)** when the aggregate weight of the compound or mixture containing the substance involved is at least 2.0 grams and less than ten grams; two years in prison and a fine of $ 5,000 or such larger amount as is sufficient to exhaust the assets uttilized in and the proceeds from the illegal activity; however, if at the time of sentencing the defendant has been convicted of another drug trafficking offense: three years in prison and $ 10,000 or such larger amount as is sufficient to exhaust the assets utilized in and the proceeds from the illegal activity;

**(ii)** when the aggregate weight of the compound or mixture containing the substance involved is at least ten grams and less than 100 grams; three years in prison and a fine of $ 15,000 or such larger amount as is sufficient to exhaust the assets utilized in and the proceeds from the illegal activity; however, if at the time of sentencing the defendant has been convicted of another drug trafficking offense: five years in prison and $ 30,000 or such larger

entirety. *See Commonwealth v. Vargas*, 108 A.3d 858, 876 (Pa. Super. 2014) (*en banc*), *appeal denied*, 121 A.3d 496 (Pa. 2015). Consequently, this appeal raises the issue whether the trial court resentenced Smith to an illegal sentence.

The issue of an unlawful mandatory sentence is non-waivable. *See Commonwealth v. Barnes*, 151 A.3d 121, 127 (Pa. 2016) (an *Alleyne* challenge implicates the legality of a sentence for issue preservation purposes and is non waivable and may be raised by the court *sua sponte*). Therefore, we may address, *sua sponte*, the issue of whether the trial court imposed unlawful mandatory fines in the aggregate amount of $40,000.00.

It is well settled that "[i]ssues relating to the legality of a sentence are questions of law. Our standard of review over such questions is *de novo* and our scope of review is plenary." *Commonwealth v. Ali*, 112 A.3d 1210, 1225 (Pa. Super. 2015).

Here, on resentencing, the trial court was required to disregard Section 7508. *See Vargas, supra*. However, the trial court ordered Smith to "pay a fine of $30,000 **as was imposed back then**" on Count 1, and "pay a $10,000 fine" on Count 2, with no further elaboration. N.T., 12/19/2016, at 22 (emphasis added). Furthermore, the trial court states in its opinion authored in support of the December 19, 2016, sentence that the court "imposed the

amount as is sufficient to exhaust the assets utilized in and the proceeds from the illegal activity; ….

18 Pa.C.S. § 7508(a)(2) (i), (ii).

- 6 -

**minimum mandatory** $30,000.00 fine in Count 1 in accord with 18 Pa.C.S.A. § 7508(a)(2)(ii), and $10,000.00 fine in Count 2 for a Schedule I Controlled Substance, Oxycodone in an amount of at least 2.0 grams and less than 10 as required by 18 Pa.C.S.A. § 7508(a)(2)(i)." Trial Court Opinion, 3/27/2017, at 4. The trial court further states, "The verdict slip specifically required the jury to determine the amounts of cocaine and oxycodone [Smith] was trafficking." *Id.*

The trial court's reliance upon the fact that there were jury findings regarding the weights of the drugs is misplaced. In **Commonwealth v. Mosley**, 114 A.3d 1072 (Pa. Super. 2015), *appeal denied*, 166 A.3d 1215 (Pa. 2017), this Court was faced with the very same issue of whether the trial court's imposition of a mandatory minimum sentence pursuant to Section 7508 was constitutional where the jury, pursuant to a special verdict slip, determined the amount of drugs. **Id.**, 114 A.3d at 1090. The **Mosley** Court concluded that "the trial court performed an impermissible legislative function by creating a new procedure in an effort to impose the mandatory minimum sentence in compliance with **Alleyne**." **Id.** at 1091. Therefore, in this case, the jury's findings as to the weight of the controlled substances do not allow the trial court to justify the imposition of the mandatory fines imposed pursuant to Section 7508.

The Commonwealth states the trial court's opinion "curiously gives a recitation of the mandatory minimum fines that were applicable to [Smith's] case and formed the basis of the sentence originally imposed."

Commonwealth's Brief, at 15. The Commonwealth maintains "it is clear from the record that the fines imposed were not imposed because the court was required to impose them." *Id.* Specifically, the Commonwealth asserts "[t]here was no notice of intent to seek a mandatory sentence" pursuant to 7508(b), and "no discussion of imposing a mandatory fine at the sentencing hearing." *Id.*

We find the Commonwealth's attempt to re-characterize the trial court's opinion unpersuasive. Furthermore, while we recognize the Commonwealth did not seek a mandatory sentence upon resentencing, and that the trial court has discretionary authority to determine the appropriate fine amount, we are compelled to find, in light of the trial court's reliance on the original mandatory fines at resentencing and its citation to Section 7508 in its March 27, 2017, Pa.R.A.P. 1925(b) opinion, that the trial court resentenced Smith to pay unlawful mandatory minimum fines that render his current sentence illegal.

Accordingly, we vacate the judgment of sentence related to the fines imposed at Counts 1 and 2 and remand for resentencing.[4]

---

[4] We remind the trial court and the parties that Section 9726(c) requires that it be "of record" that the defendant can pay the fine. **Commonwealth v. Boyd**, 73 A.3d 1269, 1273 (Pa. Super. 2013). **See** 42 Pa.C.S. § 9726(c)(1) ("The court shall not sentence a defendant to pay a fine unless it appears of record that: (1) the defendant is or will be able to pay the fine; and (2) the fine will not prevent the defendant from making restitution or reparation to the victim of the crime.") Additionally, "[i]n determining the amount and method of payment of a fine, the court shall take into account the financial resources of the defendant and the nature of the burden that its payment will

Judgment of sentence vacated only as to fines imposed at Counts 1 and 2. Case remanded for resentencing on fines. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/3/2018

---

impose. 42 Pa.C.S. § 9726(d). "Imposition of a fine is not precluded merely because the defendant cannot pay the fine immediately or because he cannot do so without difficulty." **Commonwealth v. Thomas**, 879 A.2d 246, 264 (Pa. Super. 2005) (citation omitted).