J-S06005-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| KAREEM BARNES | : | |
| | : | |
| Appellant | : | No. 2959 EDA 2017 |

Appeal from the Judgment of Sentence April 19, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0005943-2009

BEFORE: BOWES, J., DUBOW, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY BOWES, J.:                                    **FILED MAY 23, 2019**

Kareem Barnes appeals from the judgment of sentence of three to ten years in prison imposed following his convictions of possession with intent to deliver ("PWID"), possession of a firearm prohibited, and related offenses. We affirm.

The relevant facts of this case are not in dispute, and were summarized as follows by our Supreme Court in a prior appeal:

> Philadelphia police officers executed a search warrant for a residence where Appellant lived with his two younger brothers. The search of one of the bedrooms yielded a firearm, assorted drugs and drug paraphernalia. As a result, the Commonwealth charged Appellant with PWID, possession of a firearm prohibited, and other related charges. Appellant waived his right to a jury trial and proceeded to a bench trial. At trial, Appellant's youngest brother testified that he, not Appellant, occupied the bedroom where the seized items were found and he, not Appellant, owned the contraband. The trial court, however, did not credit the brother's testimony, and [on April 16, 2010], found Appellant guilty of the crimes charged. The trial court sentenced Appellant

> to 5 to 10 years' imprisonment on the PWID conviction. . . . No further penalty was imposed for the other convictions.

*Commonwealth v. Barnes*, 151 A.3d 121, 122 (Pa. 2016).

Following a procedural history not here relevant, Appellant successfully appealed his initial sentence, and the case was remanded for resentencing. *See id*. While Appellant's direct appeal was pending, he served five years in prison, and one year of parole. N.T. Resentencing, 4/19/17, at 7-8. At a resentencing hearing conducted on April 19, 2017, the trial court imposed a prison term of three to ten years for the PWID conviction, with no further penalty for the remaining convictions, and credit for time served. Given that Appellant had already served five years in prison and one year of parole, his new sentence required him to serve four years of state parole. Appellant filed a timely post-sentence motion, which was denied by operation of law. *See* Pa.R.Crim.P. 720(B)(3). He subsequently filed a timely notice of appeal, and a court-ordered Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal.

Appellant raises the following issue for our review: "Is [A]ppellant entitled to a new sentence[ing] hearing when the trial court based its sentencing decision on conclusions not supported by the record and imposed

a sentence that was above the aggravated range of the sentence[ing] guidelines?" Appellant's brief at 2.[1]

Appellant challenges the discretionary aspects of his sentence. "Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right." *Commonwealth v. Moury*, 992 A.2d 162, 170 (Pa.Super. 2010). Prior to reaching the merits of a discretionary sentencing issue, this Court conducts a four-part analysis to determine:

> (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, [*see*] Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, [*see*] 42 Pa.C.S. § 9781(b).

*Id*. at 170 (citation omitted). When an appellant challenges the discretionary aspects of his sentence, we must consider his brief on this issue as a petition for permission to appeal. *Commonwealth v. Yanoff*, 690 A.2d 260, 267 (Pa.Super. 1997); *see also Commonwealth v. Tuladziecki*, 522 A.2d 17, 18 (Pa. 1987); 42 Pa.C.S. § 9781(b).

---

[1] To the extent that Appellant attempts to raise additional arguments in his Pa.R.A.P. 2119(f) statement or in his argument, we decline to address them. *See* Pa.R.A.P 2116(a) (providing that "[n]o question will be considered unless it is stated in the statement of questions involved or is fairly suggested thereby").

In the instant case, Appellant filed a timely notice of appeal, preserved his claims in a timely post-sentence motion,[2] and included in his appellate brief a separate Rule 2119(f) statement. As such, he is in technical compliance with the requirements to challenge the discretionary aspects of his sentence. *See Commonwealth v. Rhoades*, 8 A.3d 912, 916 (Pa.Super. 2010). Thus, we will proceed to determine whether Appellant has presented a substantial question for our review.

We determine the existence of a substantial question on a case-by-case basis. A substantial question exists only when

> the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process. Additionally, we cannot look beyond the statement of questions presented and the prefatory 2119(f) statement to determine whether a substantial question exists.

*Commonwealth v. Diehl*, 140 A.3d 34, 44-45 (Pa.Super. 2016) (internal citations and quotation marks omitted).

In his Rule 2119(f) statement, Appellant contends that the sentence imposed of three to ten years was unjust, improper, and manifestly

---

[2] The Commonwealth contends that Appellant failed to preserve his challenge to the discretionary aspects of his sentence either at sentencing or in a post-sentence motion. Commonwealth's brief at 11. We disagree. Appellant was resentenced on April 19, 2017. He filed a timely post-sentence motion on April 25, 2019, wherein he specifically claimed that his sentence "was unreasonable because it was above the aggravated range of the sentencing guidelines," and that the sentence "did not take into consideration [his] age, family history and rehabilitative needs." Post-Sentence Motion, 4/25/17, at 1.

unreasonable because it was above the aggravated range of the sentencing guidelines when his offense gravity score was three and his prior record score was two, and the guidelines called for a sentence of nine months, plus or minus six months of incarceration. He further contends that the trial court's finding that he was beyond rehabilitation was not based on the record when he demonstrated at the sentencing hearing that, while serving fourteen months of parole, he rehabilitated himself by securing two jobs and supporting his child and two step-children.

We find Appellant has raised a substantial question for our review. *Commonwealth v. Bowen*, 55 A.3d 1254, 1263 (Pa.Super. 2012) (holding that a substantial question is raised where an appellant alleges the sentencing court erred by imposing an aggravated range sentence without consideration of mitigating circumstances). Accordingly, we proceed to review the merits of Appellant's claim, mindful of the following standard of review.

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Antidormi*, 84 A.3d 736, 760-61 (Pa.Super. 2014).

The Sentencing Code sets forth the considerations a sentencing court must take into account when formulating a sentence, providing that "the court shall follow the general principle that the sentence imposed should call for

confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S. § 9721(b). Additionally, in every case where a sentencing court imposes a sentence outside of the sentencing guidelines, the court must provide, in open court, a contemporaneous statement of reasons in support of its sentence. *Id.* When doing so,

> a [sentencing] judge . . . [must] demonstrate on the record, as a proper starting point, its awareness of the sentencing guidelines. Having done so, the sentencing court may deviate from the guidelines, if necessary, to fashion a sentence which takes into account the protection of the public, the rehabilitative needs of the defendant, and the gravity of the particular offense as it relates to the impact on the life of the victim and the community, so long as it also states of record the factual basis and specific reasons which compelled it to deviate from the guideline range.

*Commonwealth v. Bowen*, 55 A.3d 1254, 1264 (Pa. Super. 2012) (cleaned up).

Appellant claims that "[t]he trial court considered only that a firearm was possessed but did not consider [Appellant's] age, family history[,] rehabilitative needs[,] . . . securing of two jobs and supporting his child and two step-children[,] . . . [and] that at age 31 [Appellant] had no convictions for violence." Appellant's brief at 7-8. He further contends that the sentence imposed of three to ten years of imprisonment, which required him to serve an additional four years of parole, was unjust, unreasonable, and above the aggravated range of the sentencing guidelines. He argues that at the time of

- 6 -

sentencing, he had an offense gravity score of three, and a prior record score of two, and that the guidelines called for a minimum prison term of six months, plus or minus three months.

Initially, we observe that Appellant's argument regarding the applicable guideline range, as presented in his argument, differs from the range he presented in his Rule 2119(f) statement, wherein he stated that the guidelines called for a sentence of nine months, plus or minus six months of incarceration. Notably, at resentencing, both defense counsel and the Commonwealth argued that Appellant had an offense gravity score of three, a prior record score of two, and that the guidelines called for a minimum prison term of thirty to forty-two months, plus or minus twelve months. N.T. Resentencing, 4/19/17, at 5, 14. The Commonwealth now contends that, based on Appellant's conviction for possession of a firearm prohibited, his offense gravity score was ten, and that the guidelines called for a minimum prison term of thirty-six to forty-eight months, plus or minus twelve months. Commonwealth brief at 13-14. On this basis, the Commonwealth argues that the sentence imposed fell within the applicable guideline range. We need not resolve the conflicting arguments regarding Appellant's offense gravity score and the applicable sentencing guidelines, as even accepting Appellant's argument that the sentence imposed was above the aggravated range, we discern no abuse of discretion by the trial court in fashioning it.

Upon our review of the record, Appellant testified at the resentencing hearing that he served five years in prison under his original sentence, and that he had been on parole for over one year. N.T. Resentencing, 4/19/17, at 7-8, 21-22. Appellant further testified that he worked two jobs, one in management at a Cold Stone Creamery, and the other in a carpet cleaning business with his brother. *Id*. at 9. Appellant explained that he lived with his wife, who worked in a "child behavior" position, and his two step-children (ages one and three), and that he also supported his ten-year-old child. *Id*. at 8. Appellant also stated that he was in good standing with his parole officer. *Id*. at 10.

However, the trial court was also informed that Appellant had four convictions for selling drugs, and that, in the instant case, police found in his home large amounts of marijuana and money, as well as a weapon. *Id*. at 13. The court indicated its belief that Appellant's sentence needed to reflect the seriousness of his offenses. *Id*. at 22. Additionally, while the trial court applauded Appellant for his good behavior, and encouraged him to "[s]tay with it," it expressed its concern that some individuals, upon release from prison, find it difficult to cope, and that "[s]upervision maybe helps." *Id*. at 19, 24. The court specifically stated "[l]et's not throw him out there to the wolves without supervision," adding "whatever can help this man do what he's doing, and whoever can do it, I am in favor." *Id*. at 19, 25. For these reasons, the trial court fashioned a sentence of three to ten years incarceration, so

- 8 -

that, while Appellant would not have to serve any more time in prison, he would be subject to parole supervision for the same period contemplated by his original sentence. *Id*. at 24.

In our view, the trial court demonstrated on the record its awareness of the sentencing guidelines as advocated by both defense counsel and the Commonwealth, as well as the factual basis and specific reasons for its decision to fashion a sentence which took into account the protection of the public, the rehabilitative needs of Appellant, and the gravity of the particular offense as it relates to the community. *See* N.T. Resentencing, 4/19/17, at 7-25; *see also Bowen*, *supra* at 1264. Even if Appellant is correct about the applicable guideline range, the trial court carefully considered numerous appropriate factors in fashioning Appellant's sentence, all of which are supported by the record. *See* N.T. Resentencing, 4/19/17, at 7-25. Thus, as Appellant has not demonstrated the trial court abused its discretion in imposing a manifestly unreasonable sentence, we conclude that Appellant is not entitled to relief on his claim.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/23/19

- 9 -