[J-55-2020][M.O. - Mundy, J.]

**IN THE SUPREME COURT OF PENNSYLVANIA
EASTERN DISTRICT**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | No. 14 EAP 2019 |
| | : | |
| Appellee | : | Appeal from the Judgment of Superior |
| | : | Court entered 9/11/18 at No. 2168 EDA |
| | : | 2017 affirming the order entered on |
| v. | : | 5/31/17 in the Court of Common Pleas, |
| | : | Philadelphia County, Criminal Division |
| | : | at No. CP-51-CR-0132231-1994 |
| | : | |
| INGRAM MOORE, | : | |
| | : | |
| Appellant | : | SUBMITTED:  May 27, 2020 |

*CONCURRING OPINION*

**CHIEF JUSTICE SAYLOR**                          **DECIDED:  March 25, 2021**

I agree with the majority that Appellant's void-for-vagueness claim is subject to the jurisdictional and procedural requirements of the Post Conviction Relief Act. However, I would apply a different rationale.

The majority's main line of reasoning seems to be that any sentence should be regarded as being greater than the lawful maximum -- and hence within the scope of Section 9543(a)(2)(vii)'s authorization for post-conviction relief where "[t]he imposition of a sentence [is] greater than the lawful maximum," 42 Pa.C.S. §9543(a)(2)(vii) -- if the sentencing court lacks the authority to impose it.  *See* Majority Opinion, *slip op.* at 11-12.  And it appears that the majority's conception of "authority" turns on a *successful* assertion of Appellant's void-for-vagueness claim.  *See id.* at 11 ("*If Section 1102(a) is void for vagueness*, . . . [t]he authority to impose [a mandatory life sentence] would have

not existed." (emphasis added)). By this logic, Section 9543(a)(2)(vii) should apply to a wide range of trial errors and non-facial sentencing errors, since any defendant who suffered from prejudicial error at a trial or in a sentencing proceeding should not have been sentenced as such.

For example, it is certainly "illegal," and indeed unconstitutional, to impose a judgment of sentence upon a defendant who has suffered a conviction based on insufficient evidence. *See Jackson v. Virginia*, 443 U.S. 307, 317-18, 99 S. Ct. 2781, 2788 (1979). As such, sentencing courts have no more or less authority to do so than they would have to impose one grounded on facets of a sentencing statute that are void for vagueness. *See* Majority Opinion, *slip op.* at 11-12.

I acknowledge that Section 9543(a)(2)(vii)'s eligibility provision itself can be fairly read as embodying the broader conception of illegality embedded in the majority rationale.[1] But it is important to bear in mind that trials, and sentencing proceedings, and the post-conviction process -- including the application of Section 9543(a)(2)(vii) -- are all facially subject to issue preservation requirements. *See, e.g.*, 42 Pa.C.S. §9543(a)(3) (providing that, to implicate post-conviction relief, allegations of error cannot have been previously litigated or waived). And the concept of an illegal sentence *for purposes of avoiding the requirement of issue preservation* is different -- and far

---

[1] Notably, such an expansive construction would reconcile previous difficulties arising from the Legislature's implementation of competing objectives in the PCRA, *i.e.*, the desire to channel the gamut of collateral challenges to judgments of sentence through this statutory scheme versus the apparent aim to narrow the classes of claims that could be considered. *See Commonwealth v. Lantzy*, 558 Pa. 214, 222-25, 736 A.2d 564, 569-70 (1999). Significantly, the latter objective is in tension with the constitutional requirement that the writ of *habeas corpus* shouldn't be suspended, Pa. Const., art. I, §14, and this Court has resolved the conflict in favor of a broader construction of other eligibility provisions of the PCRA. *See Lantzy*, 558 Pa. at 222-25, 736 A.2d at 569-70.

narrower -- than the category of sentences that may be challenged as illegal in the broader sense of the word, where such challenges have been preserved.

For example, relative to the sufficiency-of-the-evidence example, this Court regularly enforces ordinary waiver rules. *See, e.g.*, *Commonwealth v. Mattison*, 623 Pa. 174, 185-86, 82 A.3d 386, 393 (2013). Conversely, and as the majority explains, in Pennsylvania, claims arising under *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348 (2000), have been deemed non-waivable, as violative sentences have been found to implicate the illegal-sentence doctrine. *See* Majority Opinion, *slip op.* at 7 & n.8; *see also infra* note 2.

Notably, in many if not most jurisdictions, the concept of an "illegal sentence" is also a closely limited one centered on the facial validity of the sentence, and the illegal-sentence doctrine does not concern the validity of the underlying conviction. *See, e.g.*, *U.S. v. Smith*, 839 F.2d 175, 181-82 (3d Cir. 1988). Along these lines, in such venues, it is regularly observed that a challenge to an "illegal" sentence presupposes a valid conviction. *See, e.g.*, *Edwards v. State*, 918 P.2d 321, 324 (Nev. 1996) (quoting *Allen v. U.S.*, 495 A.2d 1145, 1149 (D.C. 1985)). *See generally* 21A AM. JUR. 2D CRIMINAL LAW §834 (2021). As to sentencing, beyond jurisdictional considerations the test is generally one of *facial* validity, *i.e.*, compliance of the sentence with the terms of the sentencing statute itself. *See, e.g.*, *Stephenson v. Carlton*, 28 S.W.3d 910, 911 (Tenn. 2000). *See generally* 21A AM. JUR. 2D CRIMINAL LAW §834 ("The definition of an 'illegal sentence' under a statute permitting a motion for correction of an illegal sentence does not include a claim that the sentence violates a constitutional provision.").

There is a great deal of sensibility to this line of demarcation, since it fosters clarity and gives due effect to the essential role of finality in the criminal justice system. Again, once the illegal sentence doctrine applicable in the issue-preservation context is

extended to *some* attacks on the underlying conviction and/or non-facial attacks on sentencing statutes, it is very difficult to discern a limiting principle.[2]

In Pennsylvania, the illegal-sentence doctrine has evolved somewhat differently than it has elsewhere, and in a way that is depicted by Appellant, fairly in my judgment, as entailing a common-law evolution. *See* Brief for Appellant at 18. I have supported some of the accretions based on narrower logic than that which was applied in the main opinions, *see, e.g.*, *Commonwealth v. Barnes*, 637 Pa. 493, 504, 151 A.3d 121, 127 (2016) (Saylor, J., concurring); *Commonwealth v. Foster*, 609 Pa. 502, 539-41, 17 A.3d 332, 355-56 (2011) (Saylor, J., concurring), and I have joined other opinions based on precedent, *see, e.g.*, *Commonwealth v. DiMatteo*, 644 Pa. 463, 480-81, 177 A.3d 182, 192 (2018).[3] Nevertheless, decisions of this Court continue to evince that the illegal-

---

[2] The majority author replies to the sufficiency-of-the-evidence example that I have discussed, opining that the illegal-sentence doctrine does not apply "where resolution is dependent on a factual finding with a party responsible for the production and persuasion of the evidence." Majority Opinion, *slip op.* at 12, n.12. I have recognized, above, that the illegal-sentence doctrine hasn't been applied to challenges to evidentiary sufficiency and a myriad of other claims. My point, however, is that the broad, authority-based rationale presented by the majority would seem to a wide range of claims that have traditionally been subordinated to issue-preservation considerations, making it difficult in determining the logical boundaries of the illegal-sentence doctrine. Notably, the presentation by the Commonwealth of sufficient evidence to support a conviction, like the void-for-vagueness doctrine, is a constitutional imperative, *see Jackson*, 443 U.S. at 317-18, 99 S. Ct. at 2788, and judicial review for sufficiency similarly entails consideration of a pure question of law. *See, e.g.*, *In re D.S.*, 614 Pa. 650, 657, 39 A.3d 968, 973 (2012).

[3] In *Commonwealth v. Aponte*, 579 Pa. 246, 855 A.2d 800 (2004), a majority of the Court determined that claims in the line of decisions heralded by *Apprendi* represent non-waivable challenges to the legality of sentencing. *See id.* at 250 n.1, 855 A.2d at 802 n.1. I expressed my reservations with this ruling at that time and thereafter, *see, e.g., id.* at 272, 855 A.2d at 816 (Saylor, J., concurring), but I have subsequently considered this approach to be precedential. *DiMatteo*, which I joined, falls within the *Apprendi* line of cases, and I supported the outcome based on the precedent.

(continued…)

sentence doctrine is intended to remain a narrow one. *See, e.g., Commonwealth v. Weir*, ___ Pa. ___, ___, 239 A.3d 25, 35 (2020).[4]

In my view, the majority incorrectly intermixes logic that would support a broad construction of Section 9543(a)(2)(vii)'s eligibility provision with a discussion of the decisions governing the narrow illegal-sentence doctrine pertaining in the issue-preservation arena. *See* Majority Opinion, *slip op.* at 11-12. I am willing to support the broader interpretation of Section 9543(a)(2)(vii), as there is some sensibility to employing an expansive construction, as a matter of statutory construction, to vindicate the Legislature's desire to channel all manner of collateral challenges to judgments of sentence through the PCRA. *See supra* note 1.[5] However, the provision, so construed,

---

(…continued)
In this regard, I respectfully differ with the majority's assertion that the present case entails "exactly the type of claim we determined implicated the legality of the sentence in *Barnes* and found cognizable under the PCRA in *DiMatteo*," Majority Opinion, *slip op.* at 12, since both of those decisions involved challenges in the *Apprendi* line.

[4] In this respect, I would submit that, as in other jurisdictions, the concept of exceeding the lawful maximum sentence, for purposes of the illegal-sentence doctrine applicable in the issue-preservation context, has previously been treated by this Court as a test for facial validity. Thus, to the degree that the majority applies the doctrine to Appellant's void-for-vagueness claim -- which I regard as a non-facial attack -- I respectfully disagree. *See generally Hudson v. PBPP*, 651 Pa. 308, 319, 204 A.3d 392, 399 (2019) (determining that the terms of the sentencing statute pertaining to murder imposing a life sentence, albeit in the context of a second-degree murder case, do not allow for the possibility of parole).

[5] To me, however, it seems more likely that the Legislature was employing the classic lawful-maximum language used in the issue-preservation context. Left to my own devices, therefore, I would solidify this interpretation of Section 9543(a)(2)(vii), while also applying the rationale of *Lantzy* to Appellant's claim. *See supra* note 1. Significantly, but for the prejudice language, this claim falls squarely within Section 9543(a)(2)(i), since he claims that his sentence results from "[a] violation of the Constitution of this Commonwealth or the Constitution or laws of the United States." 42 Pa.C.S. §9543(a)(2)(i). As to prejudice, *Lantzy* strongly suggests that this requirement, (continued…)

should be carefully distinguished from the illegal-sentence doctrine applicable to issue preservation. *See* 42 Pa.C.S. §9543(a)(3) (subordinating eligibility for post-conviction relief to waiver principles). And, consistent with my previous writings, my own preference would be to implement an illegal-sentence doctrine that is more harmonious with the limiting principles applied in the other jurisdictions as referenced above.[6]

---

(…continued)
as it appears in Section 9543(a)(2)(i), should be read as subordinate to the Legislature's overarching design to channel collateral attacks on judgments of sentence through the PCRA. *See Lantzy*, 558 Pa. 222-25, 736 A.2d at 569-70 (holding that the same prejudice proviso, as it appears in the succeeding eligibility provision pertaining to claims of deficient attorney stewardship, should be construed as such); *see also supra* note 1.

[6] Parenthetically, it seems to me to be a categorically distinct issue whether, and under what circumstances, a prisoner who has forfeited the entitlement to proceed on a claim in his own right may benefit from a ruling in another case that is on all fours with his own. Permitting some latitude along these lines would have a less dramatic impact on finality and the administration of justice. *Accord McIntyre*, ___ Pa. at ___, 232 A.3d at 619. Relative to post-conviction jurisprudence, of course, such considerations may be at the prerogative of the Legislature. *Cf.* 42 Pa.C.S. §9545(b)(1)(iii) (prescribing an exception to the PCRA's one-year time bar for newly-recognized constitutional rights that have been held to apply retroactively).